## In re HURRICANE RESORT CO., Debtor.

**Charles W. PIERCE, et al., Plaintiffs,**

v.

**HURRICANE RESORT CO., Defendant.**

**Bankruptcy No. 81–00016–BKC–SMW.
Adv. No. 81–0405–BKC–SMW–A.**

United States Bankruptcy Court,
S. D. Florida.

Oct. 22, 1981.

Samuel S. Sorota, Miami Beach, Fla., for plaintiffs.

Leo Greenfield, North Miami, Fla., for defendant.

Timothy J. Norris, Miami, Fla., for Chase Manhattan Bank.

Louis Phillips, Miami, Fla., for trustees.

## FINDINGS AND CONCLUSIONS

SIDNEY M. WEAVER, Bankruptcy Judge.

This adversary proceeding commenced with the filing of a complaint by Charles W. Pierce and Margaret E. Pierce, his wife, against Hurricane Resort Co. to modify the stay imposed pursuant to 11 U.S.C., Section 362, which adversary complaint was set for trial on September 15, 1981.

An order was entered by this Court on September 17, 1981, which order, amongst other provisions, reflected that the Plaintiff, Charles W. Pierce and Margaret E. Pierce, his wife, had failed to include a necessary party to said complaint, to-wit, Jeanette E. Tavormina and Justin P. Havee, as Co-Trustees of Hurricane Resort Co., and upon the ore tenus motion of Counsel for the Plaintiff, Plaintiff was granted leave to file an amended adversary complaint for relief from stay, to include as necessary defendants, Jeanette E. Tavormina and Justin P. Havee, as Co-Trustees of Hurricane Resort Co., and the trial on the

amended adversary complaint was set for October 13, 1981.

The trial of the amended adversary complaint and answer of the Defendants, Jeanette E. Tavormina and Justin P. Havee, Co-Trustees, came on for trial before this Court, and the Court having heard and observed the demeanor of the witnesses, reviewed the documentary evidence introduced herein, and after hearing argument of respective Counsel, makes the following findings of fact:

1. On January 6, 1981, the Debtor, Hurricane Resort Co., filed a petition under Chapter 11 of the Bankruptcy Code.

2. On April 27, 1981, this Court entered an order appointing Jeanette E. Tavormina and Justin P. Havee as Co-Trustees of the property of the Debtor herein.

3. That the Plaintiff, Charles W. Pierce and Margaret E. Pierce, his wife, did on or about November 26, 1979, institute a complaint in the Circuit Court of Monroe County, Florida, to foreclose outstanding first mortgage, and during the pendency of said State Court foreclosure, Plaintiff, Charles W. Pierce, was appointed as State Court Receiver on June 17, 1980.

4. That the Plaintiff, Charles W. Pierce, as State Court Receiver, took possession of the property of the Debtor, Hurricane Resort Co., and continued to operate the business of the Debtor as such State Court Receiver until possession was surrendered to the Co-Trustees, Jeanette E. Tavormina and Justin P. Havee, Defendants herein, after their appointment on April 27, 1981.

5. Documentary evidence introduced (Plaintiff's Exhibits No. 1 and No. 2) reflects Plaintiffs, Charles W. Pierce and Margaret E. Pierce, to be the owners and holders of a certain installment note and first mortgage deed dated February 8, 1972, in the principal sum of $400,948.00 covering the real property of the Debtor.

6. Documentary evidence further reflects (Plaintiff's Exhibits No. 3, No. 4 and No. 5) the Plaintiffs, Charles W. Pierce and Margaret E. Pierce, to be the owners and holders of a second mortgage deed, promissory note and an assignment of mortgage in the principal sum of $240,000.00 covering the real property of the Debtor herein.

7. Plaintiff's Exhibit No. 6 reflects an assignment of a security agreement dated February 1, 1978, between Hurricane Resort Co., Inc. and Yvonne A. Littrell to Mary Mansfield Company, which security agreement was thereafter assigned on January 24, 1979. Examination of said security agreement reflects same having been filed of record *only* with the Clerk of Monroe County, Florida, in Official Records Book 780, at Page 801, of the public records of Monroe County, Florida. The security agreement covered 6 COP Liquor License No. 54–180, and the restaurant, motel, maintenance shop and all other personal inventory located at the Hurricane Motor Lodge.

8. The evidence of the Plaintiff further reflects (Plaintiff's Exhibit No. 7) letter dated September 11, 1981, from the Monroe County Property Appraiser, the 1981 Monroe County Preliminary Tax Rolls as it pertains to the real property of the Debtor.

9. The evidence further reflects that the outstanding principal and interest due to the Plaintiffs on the first mortgage as of October 1, 1981, was in the total sum of $677,934.80.

10. Although Plaintiff attempted to testify as to the existence of a third mortgage which was outstanding in the approximate sum of $189,000.00, there was no documentary evidence before the Court, nor had the purported holder of said mortgage appeared to offer any testimony herein, nor had said third mortgagee been joined as a party in this adversary proceeding.

11. Plaintiff, Charles W. Pierce, expressed his opinion that the market value of the real property of the Debtor was in the sum of $900,000.00.

12. The testimony of Jeanette E. Tavormina, one of the Co-Trustees, reflects that at the time the Co-Trustees were appointed, and took possession of the property, that funds were utilized to make necessary repairs to upgrade the operation, and that the

operation by the Co-Trustees for a period of four months exceeded the total operation of the Plaintiff, Charles W. Pierce, as State Court Receiver, for a one year period of operation.

13. The testimony of Jeanette E. Tavormina, an experienced Trustee, having handled numerous parcels of real estate during her many years as a Trustee in the Bankruptcy Court, reflected that she was of the opinion that the value of said real property was in the approximate sum of $1,200,-000.00.

Accordingly, the Court makes the following conclusions of law:

1. That the Court has jurisdiction of the parties and subject matter herein.

2. The congressional intent behind Chapter 11 is to afford the debtor protection under the provisions of Section 362 and 1121 of the Bankruptcy Code to allow the debtor a meaningful opportunity for a chance to rehabilitate. *In re Walker* (1980, Bkrtcy. WD VA) 3 B.R. 213; *In re Kleinsasser*, (Bkrtcy.D.S.D.1981), 12 B.R. 452, 7 BCD 1275.

3. The Court does find, although there appears to be a conflict in the market valuation as between the Plaintiff, Pierce, and the Trustee, Tavormina, that the value is in excess of $900,000.00, and that the Plaintiff is adequately protected.

4. That the Plaintiff, Charles W. Pierce, has failed to show that there is no equity in the property for the benefit of the Debtor and the other creditors of this estate, and that said property is not necessary to an effective reorganization proceedings pursuant to Section 362(d)(2)(B) of the Bankruptcy Code.

5. That the Plaintiff's petition for modification be and the same is hereby denied.

6. In accordance with Bankruptcy Rule 921(a), a separate final judgment incorporating these findings and conclusions is being entered this day.