**In re Glenn Anthony WALKER and Dreama Anderson Walker, Debtors.**

**FIRST MORTGAGE CORPORATION, Plaintiff,**

v.

**Glenn Anthony WALKER, Dreama Anderson Walker and Melba C. Pirkey, Trustee, Defendants.**

**Bankruptcy Nos. 7–79–01006, 7–80–0004.**

United States Bankruptcy Court, W. D. Virginia, Roanoke Division.

March 12, 1980.

George W. Harris, Jr., Roanoke, Va., for Debtors.

Melba C. Pirkey, Roanoke, Va., trustee.

J. Glenwood Strickler, Roanoke, Va., for plaintiff.

## MEMORANDUM OPINION AND ORDER

H. CLYDE PEARSON, Bankruptcy Judge.

Plaintiff seeks relief from the stay to foreclose a delinquent deed of trust in this Chapter 13 case. The Complaint was filed January 18, 1980, set for hearing on February 26, 1980, at which time the Court heard evidence of the Plaintiff, took the case under advisement and continued the matter for further consideration at the Confirmation Hearing in the Chapter 13 case held on March 4, 1980.

Counsel for the Plaintiff contends that failure of the Court to enter an order within thirty days from the date of filing permitted the stay to terminate as provided by 11 U.S.C. § 362(e).[1]

11 U.S.C. § 362 must be construed along with other sections of the Code and Rule 4001 which deals with automatic stays.[2] This Rule provides that the stay expires thirty days after a final hearing is commenced. The final hearing in this case was commenced on February 26, 1980, continued to and concluded on March 4, 1980, at which time the Court heard and considered the questions relating to confirmation of the Chapter 13 plan.

Upon hearing, the evidence upon the Complaint, along with evidence heard on confirmation, it appears to the Court that the appraised value of the property subject to the deed of trust and which is the Debtors' residence, is $31,500.00 with an accrued amount of the deed of trust note and interest totals $28,316.71 leaving the Debtors'

with equity of approximately $3,000.00; that the lack of employment of the Debtors in the immediate past has been corrected and the Debtors are now in the financial position to bring the arrearage upon the loan current within a period of sixty to ninety days, and continue the current payments as they fall due; that the equity interests of the Debtors, along with their ability to bring current and make regular payments provides adequate protection to the Plaintiff herein.

The position of the Plaintiff concerning termination of the stay at the conclusion of thirty days from the date the Complaint was filed must be considered in light of other provisions of Title 11. The Court having maturely considered the plan of the Debtors and finding that the same meets the requirements of 11 U.S.C. § 1301 et seq., concludes that in order to implement said plan, the residence of the Debtors is property essential to the Debtors plan and must be preserved.

If we assume that the stay invoked under 11 U.S.C. § 362 terminated at the conclusion of thirty days from the date that the Complaint was filed this does not mean that the Court is devoid of its power to exercise by order and include provisions for the protection of the Debtors' property under 11 U.S.C. § 105(a).[3] In addition to § 105 powers, Chapter 13 provides a broad range of discretionary authority to the Court to provide for the approval implementation and protection of the Debtor who presents a plan which the Court can confirm. The

---

1. 11 U.S.C. § 362(e) "Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request; unless the court, after notice and a hearing, orders such stay continued in effect pending, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. If the hearing under this subsection is a preliminary hearing—(1) the court shall order such stay so continued if there is a reasonable likeli-

hood that the party opposing relief from such stay will prevail at the final hearing under subsection (d) of this section; . . . ."

2. Rule 4001(a) Final Hearing. "The stay of any act against property of the estate under § 362(a) of the Bankruptcy Code expires 30 days after a final hearing is commenced pursuant to § 362(e)(2) of the Code unless within that time at or after the final hearing the court determines that the stay be continued."

3. 11 U.S.C. § 105(a) "The bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

Debtors have a plan which the Court confirms in this case and by companion order has done so this date.

Accordingly, in consideration of all of the foregoing it is

### ADJUDGED AND ORDERED

that the stay invoked by virtue of 11 U.S.C. § 362 be, and the same is hereby continued, and if the same be terminated, it is

### ORDERED

further that the Plaintiff be, and is hereby enjoined and restrained from any and all action contrary to the stay provisions of 11 U.S.C. 362, for so long as the Debtors' plan confirmed herein is complied with, with leave to the Plaintiff at such time in the future as it may appear proper to do so further move the Court for relief in this adversary proceeding in the event the Debtors fail to comply with the plan and make payments upon the Plaintiff's debt provided for therein. It is further

### ORDERED

pursuant to 11 U.S.C. § 1325 that the lien of the Plaintiff be, and the same is hereby retained pending consummation of the Chapter 13 cases.