**In re FULGHUM CONSTRUCTION CORP., Debtor.**

**Robert H. WALDSCHMIDT, Plaintiff,**

**v.**

**Harry H. RANIER, Algin H. Nolan, Ranier & Associates, Egan Iron Works, Inc., First Security National Bank of Lexington, Chem-Lease World-Wide Co., and Liberty National Leasing Co., Defendants.**

Bankruptcy No. 380–00235.
Adv. No. 380–0081.

United States Bankruptcy Court,
M. D. Tennessee.

May 14, 1980.

Robert H. Waldschmidt, C. Kinian Cosner, Jr., Nashville, Tenn., for plaintiff.

John Bailey, III, L. Wearen Hughes, Nashville, Tenn., for defendants Harry H. Ranier, Algin H. Nolan and Ranier & Associates.

William L. Montague, Charles E. Shivel, Jr., Lexington, Ky., for defendant First Security Nat'l Bank of Lexington.

David T. Stosberg, Louisville, Ky., for defendant Liberty National Leasing Co.

## ORDER

RUSSELL H. HIPPE, Jr., Bankruptcy Judge.

This adversary proceeding was initiated by the interim trustee to assert ownership and lien rights on behalf of the estate in certain heavy construction equipment in the possession of the debtor. The original defendants were the two partners and their partnership, which owns all of the outstanding stock of the debtor and claims to own most of its equipment. They insist that the partnership is entitled to immediate possession of the equipment by virtue of a request for relief from the automatic stay, the court not having held a hearing on that request within thirty days as required by 11 U.S.C. § 362(e). There might be merit to the position of these defendants except for the fact that a preliminary injunction enjoining removal of the equipment in question has been issued by the court pursuant to Rule 65 of the Federal Rules of Civil Procedure made applicable to adversary proceedings in this court by Rule 765 of the Federal Rules of Bankruptcy Procedure. If that order—which became final before the defendants made their request for relief from the stay—is valid, termination of the stay pursuant to 11 U.S.C. § 362(e) would not benefit the defendants.

The pertinent procedural developments are as follows:

The original complaint was filed on February 6, 1980.[1] The court issued a temporary restraining order on that day and set a hearing on the preliminary injunction for February 13, 1980. It is admitted that at least one of the general partners had actual prior notice of this hearing, but the defendants chose not to appear. After hearing testimony from the interim trustee and reviewing evidence submitted by him, the court found that his claim had sufficient substance to warrant issuing the preliminary injunction. The order was entered on February 14, 1980, enjoining the defendants from removing any property, including the equipment in question, from the premises and construction sites of the debtor pending final disposition of the complaint. This injunction appears to have duplicated, although in more definitive terms, and superseded the stay of 11 U.S.C. § 362(a)(3).[2] No bond or other security was required.

There were no further developments until March 14, 1980, when these defendants filed and served on the interim trustee an answer and counterclaim which included the request that the stay of 11 U.S.C. § 362(a) be lifted. No mention was made in the counterclaim of the preliminary injunction.

The original complaint was set to be tried on April 18, 1980. At that time the interim trustee advised the court that he had become aware of the existence of several creditors asserting security interests in the equipment. Upon application of the interim trustee the trial was continued with leave granted the trustee to file an amended complaint forthwith including these creditors as additional defendants. This was done and in order to expedite sale of the equipment if it was determined to be in the best interest of all concerned, a preliminary hearing was held on April 24, 1980, at which time all of the defendants, except one, opposed the immediate sale. The court granted the motion of several of the defendants to continue all matters to the trial which is scheduled for May 22, 1980.

At this hearing on April 24th the attorneys for the original defendants insisted that they were entitled to entry of an order awarding them immediate possession of their equipment, asserting application of

---

1. This is an involuntary case. The interim trustee was appointed when the petition was filed pursuant to 11 U.S.C. § 303(g). An order for relief has been entered but the meeting of creditors has not yet been held. This accounts for the rather long term of the interim trustee.

2. Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title operates as a stay, applicable to all entities, of—

. . . . .

(3) any act to obtain possession of property of the estate or of property from the estate;

. . . . .

11 U.S.C. § 362(a)(3).

the provisions of 11 U.S.C. § 362(e)[3] relating to termination of the stay, since there had been no hearing on the request to lift the stay contained in the counterclaim filed on March 14th.

The preliminary injunction was issued pursuant to the pertinent rules. Thus, unless these rules have been superseded altogether by the Bankruptcy Reform Act of 1978, a final order issued in accordance with the rules is valid and binding upon these defendants.

■ The Federal Rules of Bankruptcy Procedure continue to apply to cases initiated under the Bankruptcy Reform Act of 1978 "to the extent not inconsistent with the amendments made" by that Act. Pub.L. 95–598, § 405(d). There is nothing in the specific provisions or the legislative history of this legislation to suggest that bankruptcy courts do not have the authority to issue injunctions in adversary proceedings pursuant to Rule 765, except for the prohibition against enjoining another court contained in 28 U.S.C. § 1481. Rule 65 of the Federal Rules of Civil Procedure obviously continues to be applicable in bankruptcy court adversary proceedings through Rule 765 of the Federal Rules of Bankruptcy Procedure, and any final order issued pursuant to these rules is binding on the parties. *See Citizens & Southern Nat'l Bank v. Feimster*, 3 B.R. 11 (N.D.Ga.1979).

■ The court recognizes that certain applications of Rule 765 may be affected by the new law. The court notes, for example, that this rule relieves trustees from the obligation of providing security. Thus, to the extent that injunctive relief sought pursuant to this rule supersedes that provided by the automatic stay, it might be argued

that security should be provided since failure to require it might be inconsistent with the provision of § 362(d) regarding adequate protection. In addition, there being no provision in Rule 765 relative to the duration of a preliminary injunction, it might be argued that to the extent that the injunction supersedes the automatic stay it should be subject to the limitations of § 362(e). These are matters, however, which could and should have been raised at the hearing on the preliminary injunction. None of these considerations detract from the basic authority of the court to issue preliminary injunctions in adversary proceedings pursuant to Rule 765.

■ In enacting subsection (e) of § 362 Congress intended to adopt a procedure for obtaining relief from the automatic stay—which goes into effect as to all entities without an adversary proceeding being initiated and without a hearing—similar to that applicable to obtaining an injunction in an adversary proceeding. House Report No. 95–595, 95th Cong., 1st Sess. 344 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. The procedure followed in obtaining a preliminary injunction pursuant to Rule 765 affords the party opposing continuation of the stay the same opportunity to be heard as that provided by § 362(e). Whether the hearing is one on application for preliminary injunction pursuant to Rule 765 or on request for relief from the stay pursuant to § 362(e), the ultimate issue is the same—whether the stay should be continued—and the party opposing same must assert all available rights at that time or be precluded from doing so at a later time.

■ The preliminary injunction being valid and binding on the original defend-

---

**3.** Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated

with the final hearing under subsection (d) of this section. If the hearing under this subsection is a preliminary hearing—(1) the court shall order such stay so continued if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the final hearing under subsection (d) of this section; and (2) such final hearing shall be commenced within thirty days after such preliminary hearing.

11 U.S.C. § 362(e).

ants, it is accordingly ORDERED that their request for an order granting them immediate possession of the equipment in question is denied.