**MEMPHIS BANK & TRUST COMPANY, Appellant,**

v.

**Odell BROOKS, Jr., Appellee.**

**Bankruptcy No. 80–2489.**

United States District Court,
W. D. Tennessee,
Western Division.

Jan. 21, 1981.

Gary L. Jewel, Staff Atty., Memphis, Tenn., for appellant.

Edwin C. Lenow, Memphis, Tenn., for appellee.

## MEMORANDUM OPINION

WELLFORD, District Judge.

This case involves an appeal from an Order of the Bankruptcy Court for the Western District of Tennessee, the Honorable William B. Leffler, denying appellant bank relief from an automatic stay imposed by the filing of appellee's Chapter 13 bankruptcy petition. Oral argument was heard in this case on January 9, 1981, and careful consideration has been given to the record in this cause.

### I.

On April 21, 1980, appellee-debtor Odell Brooks filed a Chapter 13 petition for bankruptcy. At the time of the filing, the debtor owed appellant bank $3,882.00, secured by a 1978 Ford LTD automobile. On May 6, 1980, the bank filed a "Motion for Adequate Protection," claiming that the debtor was in default on his loan. The relief requested was impoundment of the vehicle or evidence of insurance on the vehicle.

On July 9, 1980 (more than thirty days after the bank made its motion for adequate protection), the bank sought a Writ of Possession in state court, the Court of General Sessions of Shelby County, wherein the bank's motion was granted. At a hearing on July 17, 1980, initiated by the debtor, the Bankruptcy Court ordered the bank to return the car to the debtor, deeming the automatic stay to be in effect. It was the Bankruptcy Court's position that since the bank had not filed a formal complaint requesting relief from the stay, the thirty-day hearing termination provisions were never set into motion. The bank then filed this appeal.

### II.

When a petition in bankruptcy is filed such as in the case at bar, an automatic stay is put into effect by operation of 11 U.S.C. § 362. The obvious purpose of the stay is to prevent prejudicial dismemberment of the debtor's property prior to determination of the case by the Bankruptcy Court. Section 362(d) states the grounds by which a creditor may seek relief from the stay. It provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

Once a request for relief has been made § 362(e) provides that the stay will

terminate within thirty (30) days, unless the court, after notice and hearing, orders the stay to be continued.

■ Appellant, Memphis Bank & Trust Company's argument on appeal is that the Bankruptcy Court erred in holding that a formal complaint was necessary to a request for relief. The Bankruptcy Court's rationale for holding that a complaint was necessary was that since the new Code does not specifically state what form the request for relief must take, the rules used under the old Code would be employed to the extent that they are not inconsistent with the new Code. The Bankruptcy Court then held that the old rule requiring a complaint in such cases would be the proper form of a request for relief under the new Code.

Pleadings and motions need to be properly captioned so that the Court's attention will be drawn to those matters requiring expedited action, and this need may be more acute in the bankruptcy courts, where time is of the essence and extraordinary relief the rule rather than the exception. The plain language of § 362 requires, however, only a "request" to start the running of the thirty-day period. The request must be in a form that gives notice that a request for relief from the stay is being made. In this case, the Court holds that such a request was made.

Section 362(d) provides only three grounds for granting the request for relief. The first of these grounds is "the lack of adequate protection." Clearly, the bank's "Motion for Adequate Protection" was identifiable with § 362 for this reason, and therefore was in fact a request for relief from the stay. Although the motion did not request a lifting of the stay itself, it did request a modification of the stay to protect collateral from destruction. Therefore, the Court holds that the bank's motion for adequate protection was a request for relief from the stay within the meaning of § 362(d).

### III.

The ruling made, however, does not mandate that the bank should be allowed to proceed with its recovery action. Rather, the unique facts and circumstances of this case would indicate an opposite result.

■ The Bankruptcy Code gives the bankruptcy court the power under 11 U.S.C. § 105(a) to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." Although this discretion is not unbridled, it has not been expressly limited by § 362. In the absence of an expression of contrary legislative intent, this Court will not imply a limitation on the power of the bankruptcy court under these particular facts to issue a stay order after the termination of the § 362 automatic stay. Such broad powers are necessary for the bankruptcy court to effectively resolve cases before it. This conclusion was also reached in a case similar to the one at bar by the court in *In re Walker*, 6 BCD 161, 3 B.R. 213 (Bkrtcy. 1980).

■ The previously mentioned "unique circumstances" of this case also make the bankruptcy court's stay order "necessary" and "appropriate." This Court takes judicial notice of the fact that this District was being served by only one Bankruptcy Judge during much of the past year, due to the appointment of former Bankruptcy Judge Odell Horton to the United States District Court for the Western District of Tennessee. This obviously placed an enormous, almost impossible, burden upon Bankruptcy Judge Leffler, who was attempting to handle a bulging, ever increasing docket load during this time. Judge Leffler's duties were made all the more difficult by the adoption and implementation of the new Bankruptcy Code in this District.

Even if the purpose of § 362's thirty-day termination sanction is to promote speedy action by the Bankruptcy Court on the automatic stay, a sanction should not be invoked against re-imposition of a stay in this circumstance. The Bankruptcy Court was operating with only one Judge, and no precedent regarding such a request for relief had been established at the time. The time pressures created by a judicial vacancy

and the uncertainty spawned by the adoption of a new Bankruptcy Code combined to make this a *sui generis* case, which should not be subject to stay termination sanctions. It was "necessary" and "appropriate" under the circumstances for the Bankruptcy Court to exercise its § 105 powers in such a case. This decision, nevertheless, may not be a comfort to a debtor under other circumstances.

The Court has carefully considered the other arguments raised by the parties and finds them to be without merit. The decision of the Bankruptcy Court is hereby affirmed for the reason indicated.

It is so ORDERED.