In re Eugene Allen KLEINSASSER, dba
D & E Trucking of Blunt, SD, a sole
proprietorship, Debtor.

INTERNATIONAL HARVESTER COM-
PANY and International Harvester
Credit Corporation, Plaintiffs,

v.

Eugene Allen KLEINSASSER, d/b/a D &
E Trucking, Defendant.

Bankruptcy No. 381–00003.
Adv. No. 381–0008.

United States Bankruptcy Court,
D. South Dakota.

July 7, 1981.

Stuart L. Tiede, Woods, Fuller, Shultz &
Smith, Sioux Falls, S. D., for plaintiffs.

J. Bruce Blake, Sioux Falls, S. D., for
defendant.

## MEMORANDUM DECISION AND ORDER

PEDER K. ECKER, Bankruptcy Judge.

### FINDINGS OF FACT

Eugene Allen Kleinsasser, d/b/a D & E
Trucking, hereinafter Debtor, is in a Chap-
ter 11 bankruptcy. International Harvester
Company and International Harvester
Credit Corporation, hereinafter Creditors,
seek relief from the automatic stay to fore-
close their security interest in seven trucks.
The Complaint was filed on March 13, 1981,
and set for hearing on April 9, 1981. The
April 9, 1981, hearing was treated as a
preliminary hearing pursuant to 11 U.S.C.
§ 362(e). At the preliminary hearing, this
Bankruptcy Court found that: 1) Debtor

appears to have an equity in the seven trucks; 2) there is a reasonable likelihood that Debtor may prevail at a final hearing; 3) the intent of Congress was that a debtor have a reasonable opportunity to reorganize; 4) the final hearing on Creditors' request for relief from the automatic stay be held in thirty days; and 5) the automatic stay be continued pending a final hearing.

A final hearing was held on May 8, 1981. Counsel stipulated that the property is necessary to an effective reorganization by Debtor. Consequently, the issue was narrowed to adequate protection. Debtor made the following offer of adequate protection:

"1) To continue to maintain the insurance which is required under the retail installment contracts. This includes a loss payable clause in the name of Creditors.

2) To continue to perform regular maintenance.

3) To provide Creditors' Attorney with photocopies of weekly and monthly reports that the U.S. Trustee requires in a Chapter 11 reorganization.

4) To make a periodic cash payment of $2,100.00 a month for depreciation as required by 11 U.S.C. § 361 until a Chapter 11 plan is confirmed.

5) To allow Creditors to make spot checks to verify the manner in which the equipment is used and being maintained."

The record indicates Creditors found items 1, 2, 3 and 5 of Debtor's offer of adequate protection reasonable. Creditors disputed item No. 4 as not being adequate protection.

In regard to item No. 4, Debtor used Creditors' testimony on valuation of trucks and straight line method of depreciation to reach a figure of $2,100.00 a month. Creditors contend the fair market value of trucks is that listed in Debtor's A–2 schedules and that a higher rate of depreciation is applicable due to the nature of Debtor's business. This point is exemplified by Creditors' Exhibit No. 1 wherein they ask for a cash payment of $5,067.00 a month. Creditors further argue they are entitled to interest dating back to the order for relief as provided by 11 U.S.C. § 506. At the conclusion of final arguments, this Court took the issue of adequate protection under advisement.

On June 16, 1981, Creditors gave Notice to this Court and to Debtor that more than thirty days had expired following the final hearing on relief from automatic stay without the Court determining whether or not the automatic stay be continued as provided by Interim Bankruptcy Rule 4001. The Notice further alleged Creditors intend to pursue appropriate remedies to foreclose their interest in state court.

On June 30, 1981, Debtor made Application for Preliminary Injunction and Order for Hearing. A hearing was held on July 2, 1981. Debtor requested a preliminary injunction enjoining Creditors from pursuing remedies in state court to recover the trucks.

In responsive pleadings, Creditors made a Motion to Dismiss Debtor's Application for Preliminary Injunction. At the hearing, this Court granted Debtor's request for a preliminary injunction and required Debtor to post a $2,100.00 bond pending the hearing on a permanent injunction July 7, 1981.

### CREDITORS' CONTENTION

Creditors contend failure of the Court to enter an order within thirty days from date of final hearing permitted automatic stay to terminate as provided by Interim Rule 4001(a).

### DEBTOR'S CONTENTIONS

1) To allow Creditors to pursue to recover their collateral in state court because the automatic stay has expired would result in irreparable injury, loss or damage to Debtor, and would cause Debtor's Chapter 11 reorganization efforts to collapse.

2) Federal Rule of Civil Procedure 65(a) is authority for the Court to issue a preliminary injunction after notice to an adverse party.

3) The trucks that Debtor owns and Creditors have a security interest in are necessary for Debtor's reorganization effort.

4) 11 U.S.C. § 105(a) empowers a bankruptcy court to issue any orders, process or judgment that is necessary or appropriate to carry out the provisions of Title 11.

5) Debtor, having defended both a preliminary hearing and a final hearing as part of his reorganization effort, should be granted the benefit of a decision by the United States Bankruptcy Court on his offer of adequate protection.

## ISSUE

Whether a bankruptcy court can order adequate protection and issue a permanent injunction enjoining a creditor who seeks recovery of collateral in state court when: thirty days have expired from a final hearing on relief from the automatic stay and a bankruptcy court has not continued the stay or rendered a decision and it allegedly results in irreparable injury, loss or damage to a debtor's Chapter 11 reorganization efforts.

For purposes of this Memorandum Decision and Order, this Bankruptcy Court adopts the record from the Preliminary Hearing, Final Hearing, and Hearing on Application for Preliminary Injunction.

## CONCLUSIONS OF LAW

■ First, this Bankruptcy Court finds it has the power to issue a preliminary injunction in an adversary proceeding as provided by Bankruptcy Rule 765 and Federal Rule of Civil Procedure 65.

Second, this Bankruptcy Court agrees with Debtor that 11 U.S.C. § 105 is the statute to be applied in this situation in order that Debtor be given one meaningful opportunity to rehabilitate himself. 11 U.S.C. § 105 provides:

"The bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."

The bankruptcy court in the case of *In Re Walker*, (1980, Bkrtcy. BC WD VA) 3 B.R. 213, applied 11 U.S.C. § 105 to a factual situation similar to the one before this Court. In *Walker*, on page 214, creditor contended that failure of the court to enter an order within thirty days from the date of filing permitted the stay to terminate as provided by 11 U.S.C. § 362(e); and hence, creditor could proceed to foreclose upon the Chapter 13 debtor's house. In this case, Creditors contend that failure of the Court to enter an order within thirty days from the Final Hearing permitted the stay to terminate as provided by Interim Rule 4001(a).

The similarities between *Walker* and this case are: 1) they both involve relief from the automatic stay litigation; 2) they both involve a court failing to enter an order within thirty days; and 3) they both involve property essential to a debtor's plan.

In *Walker*, on page 214, Judge H. Clyde Pearson held:

"The position of the Plaintiff concerning termination of the stay at the conclusion of thirty days from the date the Complaint was filed must be considered in light of other provisions of Title 11. The Court having maturely considered the plan of the Debtors and finding that the same meets the requirements of 11 U.S.C. § 1301 *et seq.*, concludes that in order to implement said plan, the residence of the Debtors is property essential to the Debtors plan and must be preserved.

If we assume that the stay invoked under 11 U.S.C. § 362 terminated at the conclusion of thirty days from the date that the Complaint was filed this does not mean that the Court is devoid of its power to exercise by order and include provisions for the protection of the Debtors' property under 11 U.S.C. § 105(a).[3] In addition to § 105 powers, Chapter 13 provides a broad range of discretionary authority to the Court to provide for the approval implementation and protection of the Debtor who presents a plan which the Court can confirm."

This Bankruptcy Court adopts the principles of law Judge Pearson applied in *Walker* and holds as follows:

1) That 11 U.S.C. § 362 and Interim Rule 4001(a) must be construed with other provisions of the Code because it was the intent of Congress, upon enacting Chapter 11 of the Bankruptcy Act of 1978, that a debtor be given one meaningful opportunity to rehabilitate. This intent is exemplified by the protections granted debtors in 11 U.S.C. § 362 and 11 U.S.C. § 1121. 11 U.S.C. § 362 provides a debtor a breathing spell from his creditors to attempt a reorganization. 11 U.S.C. § 1121 provides a debtor an exclusive right to file a plan during the first 120 days of the case.

2) That absent a permanent injunction, Debtor's one meaningful chance at rehabilitation will be irreparably harmed because trucks are necessary to a trucker's plan of reorganization.

3) That this Bankruptcy Court has the power to enjoin Creditors from any action against Debtor's property and to provide adequate protection to Creditors under 11 U.S.C. § 105(a).

Accordingly, in consideration of all of the foregoing, it is

ADJUDGED AND ORDERED

that Creditors are permanently enjoined and restrained from any and all action contrary to the stay provisions of 11 U.S.C. § 362 for so long as Debtor has an opportunity to propose a plan and gain its acceptance, with leave to Creditors, at such time in the future as it may appear proper to do so, to further move the Court for relief under 11 U.S.C. § 1112.

It is further

ORDERED

that Debtor provide the following adequate protection to Creditors pending confirmation of a plan:

1) To continue to maintain the insurance which is required under the retail installment contracts. This includes a loss payable clause in the name of Creditors.

2) To continue to perform regular maintenance.

3) To provide Creditors' Attorney with photocopies of weekly and monthly reports that the U.S. Trustee requires in a Chapter 11 reorganization.

4) To make a periodic cash payment of $2,100.00 a month for depreciation as required by 11 U.S.C. § 361 until a Chapter 11 plan is confirmed, said payments to commence May 1, 1981, with this Court contemplating that the $2,100.00 bond posted by Debtor constitute May 1, 1981, payment of adequate protection.

5) To allow Creditors to make spot checks to verify the manner in which the equipment is used and being maintained.