**In re ROLANCO, INC., Debtor.**

**Bankruptcy No. 83–00143(SE).**

United States Bankruptcy Court,
E.D. Missouri,
Southeastern Division.

May 15, 1984.

See also Bkrtcy., 43 B.R. 153.

Fred E. Arnold, Robert H. Brownlee, St. Louis, Mo., for debtor.

William Clayton Vandivort, Sikeston, Mo.

Dwight Crader, Sikeston, Mo., for John Hancock Mut. Life Ins. Co.

Gregory D. Willard, John G. Boyle, St. Louis, Mo., Donald U. Beimdiek, Steven N. Cousins, St. Louis, Mo., J. Michael Payne, Cape Girardeau, Mo., Henry F. Luepke, Jr., John D. Evans, St. Louis, Mo., James R. Robinson, Jim S. Green, Sikeston, Mo., Paul H. Berens, Cape Girardeau, Mo., Vincent Vogler, Jr., William J. Prebil, St. Louis, Mo.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

The movant, John Hancock Mutual Life Insurance Company (Hancock) filed its Motion To Modify Automatic Stay Or For Adequate Protection on August 29, 1983. Rolanco, Inc., the Debtor, filed its response on September 16, 1983. The matter was first set for hearing on September 19, 1983 and by the request and consent of both parties the case was continued and heard on October 28, 1983 in Cape Girardeau, Missouri. No final decision on this particular motion was issued by this Court. Subsequently, the movant filed its Motion To Modify Automatic Stay By Operation Of Law pursuant to Bankruptcy Rule 4001(b), which states:

> (b) **Final Hearing on Stay.** The stay of any act against property of the estate under § 362(a) of the Code expires 30 days after a final hearing is commenced pursuant to § 362(e)(2) unless within that time the court denies the motion for relief from the stay.

The thrust of Hancock's motion is that since the Court did not deny the motion for relief from the stay within 30 days after the final hearing, the stay provisions of 11 U.S.C. § 362 automatically expired. The movant is correct in its assertion. However, although it is clear from the foregoing section that the passage of the prescribed time has terminated the automatic stay provided in section 362, this does not mean that the Court is powerless or unable to prevent the movant from foreclosing its deed of trust upon the farm land in question or to reinstate the stay.

Historically, it is well established and long recognized that bankruptcy proceedings are equitable in nature. *Bank of Marin v. England*, 385 U.S. 99, 87 S.Ct. 274, 17 L.Ed.2d 197 (1966). Section 1481 of Title 28 U.S.C. provides in part, "A bankruptcy court shall have the powers of a court of equity, law, and admiralty ..." A number of courts have held that independently of section 362 the Bankruptcy Court, pursuant to 11 U.S.C. § 105 of the Bankruptcy Code [1] and its inherent equitable powers, may enjoin secured creditors from pursuing their rights to collateral un-

---

1. § 105 Power of court

(a) The bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

til the bankruptcy proceeding is resolved. In *Spagnol Enterprises, Inc. v. Atlantic Financial Federal Savings Association,* 33 B.R. 129 (W.D.Penn.1983), the District Court for the Western District of Pennsylvania concluded that the Bankruptcy Court had the power to issue an injunction to cure the expiration of the automatic stay. In that case, the appellants filed a request for relief from stay on June 29, 1982 and no hearings were scheduled until October, 1982, which were further postponed. The Bankruptcy Court issued an injunction on May 5, 1983 and the appellants assert that the "... order was void and of no effect because the Bankruptcy Court has no power to order a stay which has already been terminated by operation of Section 362(e)." The District Court concluded:

> The injunctive power of the Bankruptcy Court is not limited to the operation of the automatic stay. Section 105(a) of the Code empowers the Bankruptcy Court to issue such orders as are necessary to accomplish the purposes of the Bankruptcy Code. This includes injunctive powers. See, *In re Spier Aircraft Corp.,* 137 F.2d 736 (3d Cir.1943).

> Appellants argue that Section 362, and its sister provision Rule 4001 of the Interim Bankruptcy Rules, provide the only means for instituting, continuing and terminating a stay of action against a debtor's property. While this provision does define operation of the automatic stay it does not purport to be the exclusive vehicle for protecting a debtor's property in furtherance of orderly bankruptcy administration. *Memphis Bank & Trust Co. v. Brooks,* 10 B.R. 306, 308 (W.D. Tenn.1981).

Other courts under similar circumstances have also concluded that the Bankruptcy Court may enjoin action against the debtor's property after expiration of the automatic stay under § 362(e), see *In re Brusich and St. Pedro Jewelers, Inc.,* 28 B.R. 545 (Bkrtcy.E.D.Penn.1983); *In re Codesco, Inc.,* 24 B.R. 746, 751 (Bkrtcy.S.D.N.Y. 1982); *In re Durkalec,* 21 B.R. 618 (Bkrtcy.E.D.Penn.1982); *In re Sandmar Corp.,* 16 B.R. 120, 122 (Bkrtcy.D.N.M.

1981); *In re Kleinsasser,* 12 B.R. 452, 454 (Bkrtcy.D.S.D.1981); *Memphis Bank & Trust Co. v. Brooks,* 10 B.R. 306, 308 (D.C. W.D.Tenn.1981); *In re Fulghum Construction Corp.,* 5 B.R. 53 (Bkrtcy.M.D. Tenn.1980); *In re Walker,* 3 B.R. 213 (Bkrtcy.W.D.Va.1980); *In re Feimster,* 3 B.R. 11 (Bkrtcy.N.D.Ga.1979). The Bankruptcy Court in *In re Prime, Inc.,* 26 B.R. 556 (Bkrtcy.W.D.Mo., S.D.1983) pointed out that Bankruptcy Courts have regularly reinstituted the automatic stay where conditions are appropriate, also see *In re: Wilmette Partners,* 34 B.R. 958 (Bkrtcy.N.D. Ill., E.D.1983); *In the Matter of QPL Components, Inc.,* 20 B.R. 342 (Bkrtcy.E.D.N. Y.1982).

If this Court had granted the movant's motion for relief from the stay within 30 days after the final hearing, the debtor would have had the right to appeal the merits of that decision. However, as previously stated, through no fault of the movant or debtor in possession, such a decision was not rendered within the prescribed time frame. The movant urges this Court to terminate the automatic stay based solely on the provisions of 11 U.S.C. § 362 and Bankruptcy Rule 4001(b). In the instant case, such an order would be patently inequitable since it would penalize the debtor in possession through no fault of its own, it would not take into consideration the merits of the issues and would effectively deny the debtor its right of appeal. Therefore, under section 105(a) of the Code and the Court's equitable powers, we will stay the relief sought and enjoin Hancock from foreclosing on the farm in question.

Although the Debtor has not formally requested such an injunction, it actively opposed the original motion and has filed a disclosure statement and plan which requires the utilization of the farm in question as part of its overall reorganization. Hence, the Court will treat the debtor's original response to the movant's motion as a petition for an injunction to stay the movant from exercising its rights under the deed of trust to the property; and, further, consider the evidence from the Oc-

tober 28th hearing as being in support of such request. From this evidence, the Court finds that irreparable harm would obviously occur if the movant were permitted to foreclose its deed of trust on the subject property. The loss of this farm would greatly reduce debtor's chances of reorganizing and may ultimately injure the rights of the involved unsecured creditors.

It should be noted that this Chapter 11 case actually involves three estates: Rolanco, Inc.; Burt H. Rowe, Jr. and Anne B. Rowe; and Saline Valley Land Company. Mr. and Mrs. Rowe own, either directly or indirectly both Rolanco and Saline Valley. The assets of all three estates include several million dollars invested in two banks, thousands of acres of farm land and insurance business extending through southern Missouri and Illinois. Since the inception of these bankruptcy estates, the Court has presided over extensive and hotly contested litigation including a lengthy list of motions filed by secured creditors seeking relief from the automatic stay. Relief to foreclose on one of the banks and other land holdings have been granted. In addition, creditors have sought an appointment of a Trustee, removal and a denial of attorney fees of the attorneys representing the debtors and the creditors' committee. Throughout this litigation the debtors have remained in possession of most of the farms, allowed others to be returned to secured creditors and have attempted to manage and reorganize their business. Disclosure statements and a consolidated plan have been filed. I am mindful of the desire of secured creditors to resolve these motions as soon as possible. However, for reasons previously stated, I find that it would be inequitable to allow the stay to be lifted as a result of the automatic operation of 362(b) and not by a ruling on the merits.

Therefore, the Court will by separate order enjoin the movant from exercising its rights to the farm land in question until the court resolves the issues involved in Hancock's original motion to modify. Movant's present motion to modify automatic stay by operation of law is actually moot since the automatic stay in this instance expired on November 27, 1983.

A separate order consistent with this opinion will be entered this date.