**In re BANK HAPOALIM B.M., CHICAGO BRANCH, Appellant,**

v.

**E.L.I., LTD., an Illinois corporation, Appellee.**

No. 84 C 6146.

United States District Court, N.D. Illinois, E.D.

Sept. 18, 1984.

Steven P. Gomberg, James A. Reiman, Siegan, Barbakoff, Gomberg, Gordon & Elden, Ltd., Chicago, Ill., for appellant.

Jeffrey P. White, Chicago, Ill., for appellee.

## ORDER

BUA, District Judge.

Bank Hapoalim, B.M., Chicago Branch (hereinafter "Bank Hapoalim") appeals an order entered by Bankruptcy Judge Edward B. Toles in No. 84 B 4029 (Bankr.N.D. Ill. June 5, 1984). The issues presented on appeal are: (1) whether the bankruptcy court erred in continuing the automatic stay beyond 30 days after commencement of a final hearing; and (2) whether the bankruptcy court applied the correct standard in valuing the property subject to the stay. For the reasons stated herein, the Court concludes that the bankruptcy court did not err in continuing the stay and applied the correct standard in valuing the property subject thereto. Therefore, the June 5, 1984 order is affirmed.

## I. FACTS

E.L.I., Ltd. (hereinafter "E.L.I."), debtor-appellee, filed for relief under Chapter 11 of the United States Bankruptcy Code on March 29, 1984 and is currently in operation of its business as a debtor-in-possession. Bank Hapoalim filed a Motion to Lift the Automatic Stay pursuant to Section 362 of the United States Bankruptcy Code. A final hearing on said application was commenced on April 27, 1984 and continued on April 30, 1984. On May 29, 1984, E.L.I. brought an emergency application seeking an immediate ruling on Bank Hapoalim's Application Seeking Relief from Stay prior to the expiration of the 30-day period prescribed by the Bankruptcy Rule 4001(b). The bankruptcy court continued the automatic stay and entered its Memorandum Opinion and Order denying Bank Hapoalim's Motion to Lift the Stay on June 5, 1984. Bank Hapoalim filed its Notice of Appeal of this order on June 7, 1984.

E.L.I., Ltd. is a corporation whose sole business is the selling and marketing of brick facing manufactured by Gidgee Export, Ltd. The brick facing is suitable for both indoor and outdoor use. The sole shareholders of E.L.I. are Israel Minister and Elana Shapiro and said parties are also the sole shareholders of Gidgee Export, Ltd. (Transcript of Proceedings, April 30, 1984, p. 109).

The parties have stipulated that Bank Hapoalim is a secured creditor of E.L.I., Ltd. in the amount of $191,000. As security for said indebtedness, Bank Hapoalim maintains a floating lien upon the inventory and accounts receivable of E.L.I. The entire inventory and assets of E.L.I. are approximately 1,500 pallets of brick facing currently stored at Union Freightways Terminal in Elk Grove Village, Illinois. (This brick facing hereinafter referred to as "Gidgee Bricks").

On March 12, 1984, an order was entered by the Circuit Court of Cook County directing that the Gidgee Bricks be sold at a public auction on March 29, 1984 in *Gidgee Export, Ltd. v. Amisco Trading, Inc., et al.*, Case No. 82 L 51162, pursuant to an emergency motion filed by the Bank. E.L.I. filed a voluntary petition commencing these Chapter 11 proceedings on March 29, 1984 and notified the Bank of same prior to the auction. Bank Hapoalim continued with the auction despite notice of E.L.I.'s bankruptcy petition, amending the terms to provide that said auction sale would be subject to bankruptcy court approval. The highest bid obtained at said auction was a bid for $45,000 by Avie Cohen for the entire lot of Gidgee Bricks.

The purchase invoices indicate that the brick facing is worth approximately $350 to $400 per pallet, placing the value of the 1,500 pallets of Gidgee Bricks in excess of $500,000. (Plaintiff's Group Exhibit A).

On March 29, 1984, Gidgee Export, Ltd. and El-Vic Exports, Ltd., Thorn Hill, Toronto, Canada, entered into a contract, which if accepted, obligates El-Vic to purchase 20 full containers of brick facing during the subsequent 30 months for an amount in excess of $300,000. A telex sent by Israel Minister, Officer of Gidgee Export, Ltd., confirms that all of the bricks sold to El-Vic by Gidgee Export, Ltd. would be sold

from the inventory of Gidgee Brick located in Chicago and owned by E.L.I. (Plaintiff's Exhibits D and E).

## II. DISCUSSION

■ In reviewing a decision of the bankruptcy court, the district court must accept the bankruptcy court's findings of fact, unless those findings are clearly erroneous. Rule 8013 of the Rules of Bankruptcy Procedure. *Nigro v. Estate of Chung King, Inc.*, 35 B.R. 420, 422 (N.D.Ill.1983). Legal determinations by the bankruptcy court generally may be reversed if they are "contrary to law." *Id.*

### 1. *The Bankruptcy Court's Continuation of the Automatic Stay*

■ Pursuant to Section 362(d) of the United States Bankruptcy Code, 11 U.S.C. § 362(d), a party in interest may seek relief from the stay for cause, including lack of adequate protection, upon a showing that the debtor does not have any equity in the property and that such property is not necessary to an effective reorganization. The automatic stay is terminated 30 days after a request for relief from stay under subsection (d) with respect to that party unless the court orders continuation of the stay after notice and a hearing or as a result of a final hearing and determination of the matter. Section 362(e). Bankruptcy Rule 4001 sets forth the time period in which a final hearing pursuant to Section 362(e) should be concluded. It provides as follows:

> (b) Final Hearing on Stay. The stay of any act against property of the estate under Section 362(a) of the Code expires 30 days after a final hearing is commenced pursuant to Section 362(E)(2) unless within that time the Court denies the motion for relief from the stay.

A final hearing on the Bank's motion seeking relief from the automatic stay commenced on April 27, 1984. Under Bankruptcy Rule 9006(a), any period of time due to expire on a Saturday, Sunday or legal holiday runs until the end of the next day which is not a Saturday, Sunday or legal holiday. Thirty days from April 27, 1984 was Sunday, May 27, 1984. Since Monday, May 28, 1984 was Memorial Day, a legal holiday, Tuesday, May 29 was the next business day and the date upon which the 30-day period was due to expire.

On that day, E.L.I. presented an Emergency Application Seeking a Ruling on Bank Hapoalim's Application Seeking Relief from Stay. Citing its heavy caseload as reason for delay, the bankruptcy court gave an oral order continuing the stay until it reached a decision on the Bank's motion for relief from the stay. In resolving the issue as to whether the bankruptcy court has the authority under Section 105(a) to continue a stay after the automatic stay period has run under § 362(c) and Rule 4001(b), the Court finds one case which is dispositive: *In re Brusich & St. Pedro Jewelers, Inc.*, 28 B.R. 545 (Bkrtcy.Pa. 1983). Section 105(a) of the Code gives the bankruptcy court the power to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

In *Brusich*, the bankruptcy judge held that a creditor was not entitled to an order terminating the automatic stay due to the bankruptcy court's failure to timely order continuation of the stay, "where to do so would have been inequitable and where the stay terminated only because of the bankruptcy court's inability to administer its heavy caseload within statutory time constraints." 28 B.R. at 549. Therefore, the bankruptcy judge interpreted Section 105(a) as giving him discretion to issue a stay order after the termination of the § 362 automatic stay. *See also, Memphis Bank & Trust Co. v. Brooks*, 10 B.R. 306 (W.D.Tenn.1981); *In re Sandmar Corp.*, 16 B.R. 120, 122 (Bkrtcy.D.N.M.1981); *United Companies Fin. Corp. v. Brantley*, 6 B.R. 178, 190 (Bkrtcy.N.D.Fla.1980); *In re Walker*, 3 B.R. 213, 214 (Bkrtcy.W.D. Va.1980).

In the present case, the Court concludes that the bankruptcy judge was within his discretion under Section 105(a) when he issued the oral order continuing the stay.

### 2. *Bankruptcy Court's Valuation of Gidgee Bricks*

Section 362(d) of the U.S. Bankruptcy Code provides that a party may seek relief from the automatic stay for cause including the lack of adequate protection or where debtor retains no equity in the property and that property is not necessary for an effective reorganization. Equity is defined as the amount by which the value of the collateral exceeds the debt it secures. *In re American Kitchen Foods, Inc.*, 2 B.C.D. 715 (D.Ma.1976), 9 C.B.C. 537. As it is undisputed that E.L.I.'s indebtedness to the Bank is $191,000, the determination of the debtor's equity and the amount of the creditor's protection is dependent upon a factual finding as to the collateral's value.

 Section 506(a) of the Code provides that the value of collateral shall be determined in light of the purpose of the disposition of the property. "The judicial test ... requires this Court to make an informed projection as to the amount recoverable upon conversion of the collateral into cash in a commercially reasonable manner." *Matter of QPL Components, Inc.*, 20 B.R. 342, 345 (Bkrtcy.E.D.N.Y.1982); *see also, In re American Kitchen Foods, Inc.*, *supra; In re Davis*, 14 B.R. 226 (Bkrtcy.D. Me.1981); *In re Van Nort*, 9 B.R. 218 (Bkrtcy.E.D.Mich.1981). For example, where a business is no longer an ongoing concern, a creditor's liquidation of the collateral via a nondistress arms-length sale would be considered commercially reasonable.

 However, the facts and standard presented in *QPL Components* are dispositive of the valuation issue in the present case. In *QPL Components*, the bankruptcy judge stated the standard to be:

Where the collateral is used or produced under Chapter XI by a going business which offers reasonable prospects that it can continue, the value of the collateral is equatable with the net recovery realizable from its disposition as near as may be in the ordinary course of business.

20 B.R. at 345, citing *In re American Kitchen Foods, Inc.*, *supra; In re Shockley Forest Industries, Inc.*, 5 B.R. 160 (Bkrtcy.N.D.Ga.1980). In the present case, the contract between Gidgee Export, Ltd. and El-Vic Exports, Ltd. for the sale of $300,000 worth of E.L.I.'s Gidgee Bricks is a good example of a commercially reasonable sale conducted in the ordinary course of business. Therefore, the bankruptcy judge applied a proper standard for valuation of the Gidgee Bricks and his finding that they are worth at least $300,000 is not clearly erroneous.

### CONCLUSION

Since the Gidgee Bricks are valued at $300,000 or more, the Court agrees with the bankruptcy judge's findings: (1) that E.L.I. as debtor has equity in the property subject to the stay (the Gidgee Bricks), (2) that the Gidgee Bricks constitute property which is necessary to E.L.I.'s likely reorganization, and (3) that Bank Hapoalim is adequately protected. Accordingly, the bankruptcy court's order of June 5, 1984 is affirmed.

IT IS SO ORDERED.