In the Matter of Glen **FAIRCHILD,** Ida B. Fairchild, Debtors.

**AGRISTOR CREDIT CORPORATION,** Plaintiff,

v.

Glen **FAIRCHILD,** Ida B. Fairchild, Defendants.

Bankruptcy No. 3–82–02176.
Adv. No. 3–83–0273.

United States Bankruptcy Court, S.D. Ohio, W.D.

May 26, 1983.

Christopher M. Hawk, Dayton, Ohio, Ray A. VanHorn, Xenia, Ohio, for debtors/defendants.

Leon Friedberg, Columbus, Ohio, for plaintiff.

## ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter is before the Court upon Complaint filed on 18 April 1983 by Agristor Credit Corporation (hereinafter Agristor) for relief from the automatic stay, an injunction against Debtors' continued use of farm equipment in which Agristor alleges a perfected prepetition security interest, and/or adequate protection of Agristor's alleged security interest. Debtors timely filed an Answer on 25 April 1983 wherein Debtors essentially deny that the grounds for relief from stay exist, or that Agristor's security interest is inadequately protected. The Court heard the matter at a "preliminary hearing" held on 16 May 1983 using this Court's routine practice and format of a "pretrial on Complaint for relief from stay." Note 11 U.S.C. § 362(e).

The Court record indicates that the parties were duly notified of the preliminary hearing by "Order and Notice of Pretrial on Complaint for Relief from Stay" dated 22 April 1983. The Order and Notice also provides that:

> Counsel for all parties must confer at their earliest convenience for the purpose of arriving at all possible stipulations and the exchange of documents (except those for impeachment only) which will be offered in evidence at the trial. These conferences of counsel must be held prior to the pretrial hearing so that counsel for all parties can furnish each other a statement of the real issues each party will offer evidence to support. . . .

Debtors, however, neither appeared nor were represented at the preliminary hearing. At the time of the hearing, the Court contacted Debtors' counsel, who indicated that neither Debtors nor Debtors' Counsel had received this Court's Order and Notice of the pretrial. Although the Court record indicates that notice was sent, the Court will accept the Debtors' counsel's representation that notice was not accomplished at face value, under the presumptions of good faith and apparent clerical or postal error. Agristor did appear at the preliminary hearing. At the pretrial, Counsel for Agristor indicated that he had spoken with Debtors' counsel by telephone "the week before" and that he informed Debtors' counsel that a pretrial was scheduled "sometime" the following week.

The Court notes that apparently the parties did not confer as contemplated within the Court's Order and Notice of 22 April 1983, or submit a proposed joint pretrial order.

The complication in the instant matter is that the Bankruptcy Code provides a special expedited procedure for the handling of requests for relief from automatic stay, as follows:

> Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. If the hearing under this subsection is a preliminary hearing—

(1) the court shall order such stay so continued if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the final hearing under subsection (d) of this section; and

(2) such final hearing shall be commenced within thirty days after such preliminary hearing. [11 U.S.C. § 362(e)]

At this late date, the preliminary hearing cannot be continued within the "thirty days after" Agristor's request. In addition, the parties have requested a full one-half day of Court time for hearing on the matter, and the earliest available time on the Court's docket is 13 July 1983.

The instant order is therefore issued *sua sponte* to clarify the instant matter in regard to 11 U.S.C. § 362(e) in order to avoid any forfeiture of the parties' rights to notice and hearing.

Numerous courts have confronted the effect of the thirty day procedure established by 11 U.S.C. § 362(e) in the event of a judge's inability to hear a matter within the required thirty day period (perhaps unavoidable in the event of illness, recusal, resignation, retirement, vacation, etc.), and have, for the most part, indicated that the automatic stay of 11 U.S.C. § 362(a) will lapse regardless of the circumstances if the Court does not hear a request for relief within the time-frame contemplated in 11 U.S.C. § 362(e). *See,* for example, *Borg-Warner Acceptance Corporation v. Hall,* 685 F.2d 1306 (11th Cir.1982); *In re Codesco, Inc.,* 24 B.R. 746 (Bkrtcy.S.D.N.Y.1982); *Matter of QPL Components, Inc.,* 20 B.R. 342 (Bkrtcy.E.D.N.Y.1982); *The Navajo Tribe v. Sandmar Corporation,* 16 B.R. 120 (Bkrtcy.D.N.M.1981); *Matter of Feimster,* 3 B.R. 11 (Bkrtcy.N.D.Ga.1979). Although this thirty day rule may be waived, the Court notes that Agristor has specifically refused to waive the thirty day period for the setting of a hearing. Many courts, however, have held that the bankruptcy courts' general injunctive powers may nevertheless be used to continue or reinstate a stay which may lapse or has lapsed. *Memphis Bank and Trust Co. v. Brooks,* 10 B.R. 306 (D.C.W.D.Tenn.1981); *Matter of QPL Components, Inc., supra; The Navajo Tribe v. Sandmar Corporation, supra; Matter of Feimster, supra; In re Fulghum Construction Corp.,* 5 B.R. 53 (Bkrtcy.M.D. Tenn.1980); *In re Codesco, Inc., supra; Satter v. KDT Industries, Inc.,* 28 B.R. 374 (D.C.S.D.N.Y.1982).

It is the opinion of this Court that the instant parties have impliedly waived the thirty day rule. The parties failed to comply with the Court's pretrial order that the parties "confer at their earliest convenience" sometime "prior to the pretrial hearing," thereby compounding the apparent notice problem. Furthermore, given the complexity of the instant litigation and the need for a relatively lengthy evidentiary hearing, it is the additional determination of the Court that the parties' request for a full half-day of Court time itself constitutes an implied waiver of the thirty day rule until the earliest possible time such hearing can be scheduled as requested.

As a precautionary measure, if for any reason the automatic stay of 11 U.S.C. § 362(a) is interpreted as having lapsed under 11 U.S.C. § 362(e), the Court also hereby alternatively temporarily enjoins Agristor under 11 U.S.C. § 105(a) from any action which would have been contrary to 11 U.S.C. § 362(a) were it not interpreted to have lapsed. This injunction is in the nature of a special preliminary injunction and shall not expire until the date of the trial (13 July 1983), the earliest possible time such hearing could be scheduled. Note Rule 765 of the Bankruptcy Rules of Procedure and Rule 65 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.