In re B.T. WILSON DRYWALL CONSTRUCTION, INC., Debtor.

FIRST COMMERCIAL BANK, N.A., Plaintiff,

v.

B.T. WILSON DRYWALL CONSTRUCTION, INC., and L & W Supply Corporation, d/b/a Rock Supply, Defendants.

No. LR–C–83–918.
Bankruptcy No. 83–858F.
Adv. No. 83–654F.

United States District Court, E.D. Arkansas, W.D.

Dec. 6, 1983.

**440**

Paul Hickey, Little Rock, Ark., for plaintiff.

William L. Owen, Little Rock, Ark., for debtor.

Richard Lawrence, Little Rock, Ark., for defendants.

## ORDER

EISELE, Chief Judge.

Pending before the Court is First Commercial Bank's motion to withdraw reference to bankruptcy, pursuant to General Order 24(c)(2).[1] The Court will deny this motion because it has concluded that the interests of all the parties involved will best be served by the proceeding remaining in the bankruptcy court. Further, the Court declares that under said general order a bankruptcy matter, or any part of such matter, is not automatically withdrawn upon the filing of a motion to withdraw reference. Motions to withdraw reference only initiate the transfer process. The bankruptcy matter is not actually withdrawn until an order so stating is issued by a district judge.

B.T. Wilson Drywall (Wilson Drywall) filed a voluntary petition for relief under Chapter 11 of the bankruptcy code. First Commercial Bank, N.A. (Bank) is a creditor of Wilson Drywall claiming a security interest in the accounts receivable, inventory and equipment and is subject to the automatic stay pursuant to 11 U.S.C. § 362. To insure adequate protection of its collateral, to determine secured creditor status and for relief from the automatic stay, the Bank filed a complaint.

The Honorable Charles Baker, one of the two bankruptcy judges in Arkansas, disqualified[2] and the case was assigned to the Honorable Robert F. Fussell. On October 14, 1983, Judge Fussell entered an Order continuing the automatic stay pending hearing on the motion. Subsequently,

---

1. The Judicial Conference of the United States submitted to each federal circuit a rule proposed for adoption by the federal district courts. On December 15, 1982, the Eastern and Western Districts of Arkansas adopted the proposed emergency rule as General Order 24 (see appendix).

2. The Honorable Charles Baker has made a policy of disqualifying in cases where S & D Leasing Company is a creditor. S & D Leasing is creditor in this bankruptcy proceeding.

Judge Fussell disqualified himself.[3] Thus, a United States Bankruptcy Judge for Arkansas was not available to hear the case.

On October 19, 1983, the Bank filed its demand for an immediate hearing pursuant to 11 U.S.C. § 362 alleging that it was entitled to a hearing within thirty days from date of filing its complaint or the automatic stay would be terminated with respect to it. On November 1, 1983, the Bank filed this motion to withdraw reference from bankruptcy, pursuant to General Order 24(c)(2). The motion requested withdrawal of "the reference of this case including all adversary proceedings and contested matters from the bankruptcy court" and also requested that the October 14th Order continuing the stay be declared void.

When the Bank filed the motion for withdrawal of reference in the district court the entire bankruptcy proceeding with all the corresponding files were erroneously moved from the bankruptcy court to the district court. The case was assigned to the Honorable Henry Woods, but he disqualified also.[4]

The case was assigned to this Court on November 9, 1983, and the Bank filed a motion for summary judgment on November 10, 1983. From the time the Bank filed its motion to withdraw reference until this Court acted, all matters in the bankruptcy case of *B.T. Wilson Drywall* were erroneously considered by the clerks' offices to have been removed to the district court.

■ This case illustrates the need for a clear interpretation of General Order 24(c)(2). The Court has not previously addressed the issue of whether under General Order 24(c)(2) the filing of a motion to withdraw reference automatically effects a removal of the pertinent issues from the bankruptcy court to the district court.

Section (c)(2) reads:

The reference to a bankruptcy judge may be withdrawn by the district court at any time on its own motion or on timely motion by a party. A motion for withdrawal of reference shall not stay any bankruptcy matter pending before a bankruptcy judge unless a specific stay is issued by the district court. If a reference is withdrawn, the district court may retain the entire matter, may refer part of the matter back to the bankruptcy judge, or may refer the entire matter back to the bankruptcy judge with instructions specifying the powers and functions that the bankruptcy judge may exercise. Any matter in which the reference is withdrawn shall be reassigned to a district judge in accordance with the court's usual system for assigning civil cases.

The language of section (c)(2) indicates that permission of the court is a necessary prerequisite to withdrawal. Additionally, to fully understand this section it must be read in the context of the entire rule. The rule was formulated due to the exceptional circumstances caused by the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Section (a) enumerates these circumstances:

(1) the unanticipated unconstitutionality of the grant of power to bankruptcy judges in section 241(a) of Public Law 95–598; (2) the clear intent of Congress to refer bankruptcy matters to bankruptcy judges; (3) the specialized expertise necessary to the determination of bankruptcy matters; and (4) the administrative difficulty of the district courts' assuming the existing bankruptcy caseload on short notice.

Clearly, the purpose of the rule is to continue to utilize the expertise and administrative capacity of the bankruptcy courts until Congress enacts new legislation. To read section (c)(2) as permitting any party to move a case from the bankruptcy court to the district court simply by filing a motion would defeat this purpose. Under our

---

**3.** The Honorable Robert Fussell disqualified himself because the largest unsecured creditor in the case had recently been a client of his while in private practice.

**4.** The Honorable Henry Woods disqualified himself due to his financial interests in First Commercial National Bank, N.A.

**442**

interpretation of section (c)(2), a transfer is not effected until a district judge issues an order stating that he is accepting the withdrawal of reference.[5]

The rationale underlying our interpretation is explained in a report issued by The Commission on the Bankruptcy Laws of the United States in 1977. In the report, the Commission recommended establishing bankruptcy courts independent of the district courts because:

> The district courts are generally overburdened. Their caseload has increased dramatically in recent years without a corresponding increase in the number of judges....
>
> [T]he Speedy Trial Act requires that criminal matters be given precedence on the district court calendars. The Constitution does not require a "speedy trial" for bankruptcy matters as it does for criminal cases. Thus, criminal matters would continue to be accorded priority. However, the nature of bankruptcy is such that it, too, for practical reasons, requires expeditious disposition....
>
> [T]he change proposed would be to little avail if bankruptcy disputes were required to fight the judicial logjam caused by the Speedy Trial Act and by the volume of litigation pending in district courts. Assets would deteriorate; creditors would be delayed in recovering money to which they are justly entitled; and to use the familiar medical metaphor, in business reorganization cases, the patient would die on the operating table while diagnosis slowly proceeded.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 14 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 5975.

■ To prevent this type of detriment to the parties of *In re: B.T. Wilson Drywall,* the Court issued an Order on November 17, 1983, scheduling a conference to decide whether to accept the withdrawal of reference of the particular issue raised by the

Bank and sending all other matters back to the bankruptcy court.

During the conference, the Court considered whether the assets which secured Bank's loan were being improperly depleted; whether the Bank's motion for summary judgment requesting release from the stay would be granted and whether a visiting bankruptcy judge could be appointed to hear this case before the district court could hear the case. In essence, the underlying inquiry of the conference was whether the situation was urgent, and if so which court could most efficiently respond thereto.

The Court has decided that the situation in this adversary proceeding, while pressing, is not urgent. This Court's first available day to hear the proceeding would occur after the first day a visiting bankruptcy judge could hear the proceeding. The entire matter has been assigned to the Honorable Frank P. Barker, and all the adversary proceedings are under his jurisdiction, including the Bank's. The Court concludes that the most expedient and just resolution of this dispute will occur in his bankruptcy court. Consequently, the Bank's motion to withdraw reference is denied.

■ The Court also concludes that the stay enforced by Judge Fussell in his October 14th Order remains effective pending a hearing. The bankruptcy judge has the power under 11 U.S.C. § 105(a) to issue any order that is necessary or appropriate to protect the debtor's property. *E.g., In re: Walker,* 3 B.R. 213, 1 C.B.C.2d 773 (Bkrtcy. W.D.Va.1980), *See In re: Kleinsasser,* 12 B.R. 452 (Bkrtcy.D.S.D., 1981), *In re: Brusich & St. Pedro Jewelers, Inc.,* 28 B.R. 545 (Bkrtcy.E.D.Pa., 1983).

It is therefore Ordered that the stay invoked by virtue of 11 U.S.C. § 362 be, and it is hereby, continued.

It is further Ordered that the Bank's motion for withdrawal of reference from bankruptcy be, and it is hereby, denied.

5. Because removal is not effected by the filing of a motion for withdrawal of reference, all files will remain in the Bankruptcy Clerk's office. Accordingly, parties should attach to their motion those pleadings supporting it.

It is further declared that the filing of a motion to withdraw reference from bankruptcy pursuant to General Order 24(c)(2) does not automatically effect a removal to the district court and consequently not until a district judge enters an order stating that he or she is accepting all or a part of a bankruptcy proceeding will such matter be transferred to the district court.

### APPENDIX

### IN THE UNITED STATES DISTRICT COURT

### EASTERN AND WESTERN DISTRICTS OF ARKANSAS

IN RE: BANKRUPTCY EMERGENCY— MARATHON CASE

### GENERAL ORDER NO. 24

General Orders No. 24 entered on October 1, 1982 and October 4, 1982 are hereby set aside.

#### (a) *Emergency Resolution*

The purpose of this rule is to supplement existing law and rules in respect to the authority of the bankruptcy judges of this district to act in bankruptcy cases and proceedings until Congress enacts appropriate remedial legislation in response to the Supreme Court's decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), or until March 31, 1984, whichever first occurs.

The judges of the district court find that exceptional circumstances exist. These circumstances include: (1) the unanticipated unconstitutionality of the grant of power to bankruptcy judges in section 241(a) of Public Law 95–598; (2) the clear intent of Congress to refer bankruptcy matters to bankruptcy judges; (3) the specialized expertise necessary to the determination of bankruptcy matters; and (4) the administrative difficulty of the district courts' assuming the existing bankruptcy caseload on short notice.

#### (b) Filing of bankruptcy papers

The court of bankruptcy constituted by § 404 of Public Law 95–598 shall continue to be known as the United States Bankruptcy Court of this district. The Clerk of the Bankruptcy Court is hereby designated to maintain all files in bankruptcy cases and adversary proceedings. All papers in cases or proceedings arising under or related to Title 11 shall be filed with the Clerk of the Bankruptcy Court regardless of whether the case or proceeding is before a bankruptcy judge or a judge of the district court, except that a judgment by the district judge shall be filed in accordance with Rule 921 of the Bankruptcy Rules.

#### (c) Reference to Bankruptcy Judges

(1) All cases under Title 11 and all civil proceedings arising under Title 11 or arising in or related to cases under Title 11 are referred to the bankruptcy judges of this district.

(2) The reference to a bankruptcy judge may be withdrawn by the district court at any time on its own motion or on timely motion by a party. A motion for withdrawal of reference shall not stay any bankruptcy matter pending before a bankruptcy judge unless a specific stay is issued by the district court. If a reference is withdrawn, the district court may retain the entire matter, may refer part of the matter back to the bankruptcy judge, or may refer the entire matter back to the bankruptcy judge with instructions specifying the powers and functions that the bankruptcy judge may exercise. Any matter in which the reference is withdrawn shall be reassigned to a district judge in accordance with the court's usual system for assigning civil cases.

(3) Referred cases and proceedings may be transferred in whole or in part between bankruptcy judges within the district without approval of a district judge.

#### (d) Powers of Bankruptcy Judges.

(1) The bankruptcy judges may perform in referred bankruptcy cases and proceedings all acts and duties necessary for the handling of those cases and proceedings ex-

cept that the bankruptcy judges may not conduct:

(A) a proceeding to enjoin a court;

(B) a proceeding to punish a criminal contempt—

(i) not committed in the bankruptcy judge's actual presence; or

(ii) warranting a punishment of imprisonment;

(C) an appeal from a judgment, order, decree, or decision of a United States bankruptcy judge; or

(D) jury trials.

Those matters which may not be performed by a bankruptcy judge shall be transferred to a district judge.

(2) Except as provided in (d)(3), orders and judgments of bankruptcy judges shall be effective upon entry by the Clerk of the Bankruptcy Court, unless stayed by the bankruptcy judge or a district judge.

(3)(A) Related proceedings are those civil proceedings that, in the absence of a petition in bankruptcy, could have been brought in a district court or a state court. Related proceedings include, but are not limited to, claims brought by the estate against parties who have not filed claims against the estate. Related proceedings do not include: contested and uncontested matters concerning the administration of the estate; allowance of and objection to claims against the estate; counterclaims by the estate in whatever amount against persons filing claims against the estate; orders in respect to obtaining credit; orders to turn over property of the estate; proceedings to set aside preferences and fraudulent conveyances; proceedings in respect to lifting of the automatic stay; proceedings to determine dischargeability of particular debts; proceedings to object to the discharge; proceedings in respect to the confirmation of plans; orders approving the sale of property where not arising from proceedings resulting from claims brought by the estate against parties who have not filed claims against the estate; and similar matters. A proceeding is not a related proceeding merely because the outcome will be affected by state law.

(B) In related proceedings the bankruptcy judge may not enter a judgment or dispositive order, but shall submit findings, conclusions, and a proposed judgment or order to the district judge, unless the parties to the proceeding consent to entry of the judgment or order by the bankruptcy judge.

(e) District Court Review

(1) A notice of appeal from a final order or judgment or proposed order or judgment of a bankruptcy judge or an application for leave to appeal an interlocutory order of a bankruptcy judge, shall be filed within 10 days of the date of entry of the judgment or order or of the lodgment of the proposed judgment or order. As modified by sections (e) 2A and B of this rule, the procedures set forth in Part VIII of the Bankruptcy Rules apply to appeals of bankruptcy judges' judgments and orders and the procedures set forth in Bankruptcy Interim Rule 8004 apply to applications for leave to appeal interlocutory orders of bankruptcy judges. Modification by the district judge or the bankruptcy judge of time for appeal is governed by Rule 802 of the Bankruptcy Rules.

(2)(A) A district judge shall review:

(i) an order or judgment entered under paragraph (d)(2) if a timely notice of appeal has been filed or if a timely application for leave to appeal has been granted;

(ii) an order or judgment entered under paragraph (d)(2) if the bankruptcy judge certifies that circumstances require that the order or judgment be approved by a district judge, whether or not the matter was controverted before the bankruptcy judge or any notice of appeal or application for leave to appeal was filed; and

(iii) a proposed order or judgment lodged under paragraph (d)(3), whether or not any notice of appeal or application for leave to appeal has been filed.

(B) In conducting review, the district judge may hold a hearing and may receive such evidence as appropriate and may accept, reject, or modify, in whole or in part, the order or judgment of the bankruptcy judge, and need give no deference to the findings of the bankruptcy judge. At the conclusion of the review, the district judge shall enter an appropriate order or judgment.

(3) When the bankruptcy judge certifies that circumstances require immediate review by a district judge of any matter subject to review under paragraph (e)(2), the district judge shall review the matter and enter an order or judgment as soon as possible.

(4) It shall be the burden of the parties to raise the issue of whether any proceeding is a related proceeding prior to the time of the entry of the order or judgment of the district judge after review.

(f) Local Rules

In proceedings before a bankruptcy judge, the local rules of the bankruptcy court shall apply. In proceedings before a judge of the district court, the local rules of the district court shall apply.

(g) Bankruptcy Rules and Title IV of Public Law 95–598

Courts of bankruptcy and procedure in bankruptcy shall continue to be governed by Title IV of Public Law 95–598 as amended and by the bankruptcy rules prescribed by the Supreme Court of the United States pursuant to 28 U.S.C. § 2075 and limited by SEC. 405(d) of the Act, to the extent that such Title and Rules are not inconsistent with the holding of *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

(h) Effective Date and Pending Cases

This rule shall become effective December 25, 1982, and shall apply to all bankruptcy cases and proceedings not governed by the Bankruptcy Act of 1898 as amended, and filed on or after October 1, 1979. Any bankruptcy matters pending before a bankruptcy judge on December 25, 1982 shall be deemed referred to that judge.

Dated this 15th day of December, 1982.
FOR THE EASTERN AND WESTERN DISTRICTS OF ARKANSAS
/s/ Garnett Thomas Eisele
Garnett Thomas Eisele, Chief Judge
Eastern District of Arkansas