In re Melvin Kenneth SMALL and Rose Small, Debtors.

BARCLAY PROPERTIES, Plaintiff,

v.

Melvin Kenneth SMALL and Rose Small, Defendants.

Melvin Kenneth SMALL and Rose Small, Movants,

v.

BARCLAY PROPERTIES, Respondent.

Bankruptcy No. 83-B-1695.
Motion No. M83-0390B.
Adv. No. 84-0018B.

United States Bankruptcy Court,
D. Maryland.

March 1, 1984.

Harvey M. Lebowitz, Paula Krahn Merkle, Frank, Bernstein, Conaway & Goldman, Baltimore, Md., for Barclay Properties.

Marc R. Kivitz, Baltimore, Md., for debtors.

## MEMORANDUM OPINION AND ORDER DETERMINING AUTOMATIC STAY TO BE IN EFFECT, DENYING MOTION FOR INJUNCTION AND DENYING MOTION TO DISMISS MOTION FOR RELIEF FROM AUTOMATIC STAY

JAMES F. SCHNEIDER, Bankruptcy Judge.

These matters came on for hearing on February 10, 1984 before the United States Bankruptcy Court for the District of Maryland at Baltimore upon the motion of Melvin K. Small and Rose Small (the "debtors") for an injunction and for a determination that the automatic stay of 11 U.S.C. § 362(a) is in effect, and upon the motion of Barclay Properties ("Barclay" or the "creditor") to dismiss its own motion for relief from the said automatic stay.

### FINDINGS OF FACT

1. The debtors are the proprietors of a carryout restaurant known as "Skillet Piz-

za, Inc.", located in a shopping center at 11408–F Reisterstown Road, Owings Mills, Maryland.

2. The debtors occupy said business premises by virtue of a lease dated March 15, 1973 by and between Carpet Fair, Inc., a Maryland corporation as lessor, and Jack Zummer, Domenick Tiso and Shirley Tiso, trading as Skillet Pizza, Inc., as lessees.

3. The original lease has been modified by an amended lease agreement dated December 17, 1981.

4. The debtors are successors in interest to the said Jack Zummer, Domenick Tiso and Shirley Tiso. Barclay is the successor in interest to Carpet Fair, Inc.

5. The debtors are in possession of the leased premises and continue to operate the business known as "Skillet Pizza, Inc."

6. On October 17, 1983, the debtors filed a voluntary Chapter 11 bankruptcy proceeding in this Court in Case No. 83–B–1695.

7. On December 8, 1983, Barclay filed Motion No. M83–0390–B styled "MOTION FOR RELIEF FROM AUTOMATIC STAY AND, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION AND TO FIX TIME FOR ASSUMPTION OR REJECTION OF LEASE."

8. Count I of said motion recited the failure of the debtors to pay rent for the period from October 17, 1983 (the date of the filing of the petition), through October 31, 1983 and for the month of December, 1983, recounted the late tender by the debtors of the rent for November, 1983, and requested the Court to grant Barclay relief from the automatic stay pursuant to 11 U.S.C. § 362(d), to order the debtors to vacate the premises and to permit Barclay to retake possession.

9. Count II of said motion incorporated the material (factual) allegations of Count I, and asserted that Barclay's interests in the leased premises are not being adequately protected by reason of its deprivation of rent by the debtors and requested the Court to grant Barclay adequate protection pursuant to 11 U.S.C. § 363(e) by

ordering the debtors to immediately pay all past due post-petition rent and to timely pay all currently-due rent; to grant Barclay relief from the automatic stay in the event of the debtors' failure to timely pay current rent; and to direct the debtors to either assume the lease and cure all defaults by February 1, 1984, or to reject the lease and vacate the premises by February 1, 1984, citing 11 U.S.C. § 365(d)(2).

10. On December 14, 1983, this Court entered its "ORDER DIRECTING COURSE OF PROCEEDING ON CONTESTED MATTER" [P. 2] which provided as follows:

A Motion was filed on December 8, 1983 by Barclay Properties requesting relief from stay of proceedings.

WHEREFORE, IT IS ORDERED That unless a response to the Motion is filed with the court and counsel for the movant within thirty (30) days of the date of this order, the court may grant the Motion without a hearing. A pre-trial hearing has been scheduled on the Motion on January 24, 1984 at 10:30 A.M. in Room 907, U.S. Court House, 101 West Lombard Street, Baltimore, Maryland.

COUNSEL FOR THE MOVING PARTY, within five (5) days of the date of this order, shall mail a copy of this order, together with the above-described Motion, to the respondent(s) and counsel in the manner provided for service of a summons and complaint by Rule 7004.

11. On December 16, 1983, the debtors filed an answer [P. 3] to the motion in which they admitted their failure to pay certain post-petition rent, but denied *inter alia*, the allegations that they have no equity in the premises and that Barclay is not adequately protected.

12. On December 20, 1983, Barclay filed "Requests for Admission" [P. 5] pursuant to F.R.C.P. No. 36 and Bankruptcy Rule 7036, which directed the debtor, Melvin Small, to respond to thirty-two such "requests."

13. Also, on December 20, 1983, Barclay filed "Interrogatories" [P. 6] in which

thirteen detailed questions were propounded to the debtor, Melvin Small, pursuant to F.R.C.P. No. 33 and Bankruptcy Rule 7033.

14. Additionally, on December 20, 1983, Barclay filed a "Request for Production of Documents" [P. 7] directing the debtor, Melvin Small, to "produce for examination, inspection and copying by movant, its agents or attorneys, all of the documents listed below *on or before January 19, 1984 at 10:00 A.M.* at the offices of Frank, Bernstein, Conaway & Goldman, 1300 Mercantile Bank & Trust Building, 2 Hopkins Plaza, Baltimore, Maryland 21201, *or at such other time and place as counsel may agree or as further ordered by the Court.*" [Emphasis added.] The documents thus requested were set forth in seven detailed categories.

15. On January 19, 1984, the deadline set by Barclay for the production of documents by the debtor, Melvin Small, Barclay filed a motion [P. 8] entitled "MOTION TO DISMISS MOTION FOR RELIEF FROM AUTOMATIC STAY AND, IN THE ALTERNATIVE, FOR ADEQUATE PROTECTION AND TO FIX TIME FOR ASSUMPTION OR REJECTION OF LEASE," by which it requested the dismissal of its own motion for relief from stay and the cancellation of the pre-trial hearing scheduled to be held on January 24, 1984, at 10:30 A.M.

16. An accompanying memorandum filed contemporaneously in support of the said motion set forth as reasons therefor the allegation that the automatic stay of 11 U.S.C. § 362(a) was no longer in effect because this Court had not scheduled a hearing within thirty days of the filing of the motion to lift the stay, and that based upon this belief, Barclay had terminated the lease on January 16, 1984 by letter to the debtors requesting them to vacate the premises.

17. This Court deferred action on a proposed order implementing the motion to dismiss submitted by Barclay by placing a dot on the line provided for the judge's signature.

18. On January 19, 1984, upon the same occasion as the filing by Barclay of the said motion to dismiss, the debtors filed in Adversary No. 84–0018–B a motion to enjoin Barclay from taking action against the leased premises and to determine Barclay's termination of the lease to have been a nullity by reason of the continued vitality of the automatic stay pursuant to 11 U.S.C. § 362(a).

19. A settlement conference on January 24, 1984 convened by Michael Kostishak, the Clerk of this Court, attended by counsel for both sides, failed to resolve the conflicts between the parties.

20. It was in this posture that the complaint for injunction came on for hearing on February 10, 1984, together with Barclay's motion to dismiss.

## BARCLAY'S POSITION

1. The automatic stay of § 362(a) terminated by operation of law thirty days after the filing of a motion for relief thereof, because the Court did not order the stay to continue within the thirty-day period.

2. A "pre-trial hearing" before a bankruptcy clerk did not fulfill the requirement of a thirty-day hearing set forth by 11 U.S.C. § 362(e), so that the stay would have terminated in this case even if the said pre-trial hearing had been held within the thirty-day period, which it was not.

3. Barclay did not waive its right to a thirty-day hearing, and so the stay terminated on January 6, 1984 giving Barclay the unfettered right which it exercised to terminate the lease.

4. This Court has no authority to reinstate an automatic stay which has heretofore expired.

5. The termination of the lease by Barclay having occurred in the past and now being a *fait accompli* renders moot the debtor's prayer for an injunction, because the injunctive power of any court is prospective only and cannot be invoked to undo an act which has already been done.

6. "Once a creditor has filed a motion [to lift the automatic stay under § 362], it

is the debtor's responsibility to insure that a preliminary hearing is held within thirty days or that other steps are taken to protect its interests."

### THE DEBTORS' POSITION

1. The automatic stay is not terminated by the failure to schedule a thirty-day hearing where the Court has substantially complied with the intent of 11 U.S.C. § 362(e) by scheduling a hearing as soon as possible.

2. As between the debtor and the creditor, the responsibility for seeking an expeditious hearing on a motion for relief from stay should devolve upon the creditor as movant.

3. The weight of authority favors the power of the Court to reinstate the stay and/or enjoin Barclay from evicting the debtors, in order to protect the debtors' interests in the subject property and to permit them to have the opportunity to effectively reorganize.

### CONCLUSIONS OF LAW

1. The automatic stay was not lifted by operation of law in the instant case pursuant to 11 U.S.C. § 362(e).

2. The legislative history of the Code indicates that the requirement of a thirty-day hearing set forth in 11 U.S.C. § 362(e) was only intended by Congress to apply to secured creditors asserting interests in real property and/or nonconsumer personalty. *See Report of the Committee on the Judiciary, House of Representatives, To Accompany H.R. 8200*, H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 174–75, 344 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787 [hereinafter cited as *"Judiciary Report"*].

3. Barclay's status is that of a landlord and not that of a secured creditor.

4. Congress could not have intended to require thirty-day hearings in every proceeding for relief from the automatic stay because such requirement would impose an impossible burden on the already overcrowded dockets of the bankruptcy court.

Indeed, the legislative history of the Bankruptcy Code contrasts expedited hearings pursuant to 11 U.S.C. § 362(e) with *other* hearings on relief from the automatic stay. *Judiciary Report, supra,* 344; *Report of the Committee on the Judiciary, United States Senate, to Accompany S. 2266,* S.Rep. No. 95–989, 95th Cong., 2d Sess. 55 (1978).

5. However, even *assuming* a thirty-day hearing was required by the Code in this case, Barclay implicitly waived the requirement by filing detailed discovery requests to which responses were due beyond the thirty-day period from the date upon which the motion for relief from stay was filed. *See Borg-Warner Acceptance Corp. v. Hall,* 685 F.2d 1306, 9 Bankr.Ct.Dec. (CRR) 820 (11th Cir.1982).

6. Barclay also implicitly waived any thirty-day hearing requirement by seeking not only relief from the automatic stay, but also, in the alternative, (1) adequate protection pursuant to 11 U.S.C. § 363(e) and (2) the fixing of the time pursuant to 11 U.S.C. § 365(d)(2) within which the debtors must assume or reject the lease pursuant to 11 U.S.C. § 365. By combining the alternative requests for relief in a single motion, Barclay waived any right to a thirty-day hearing on its request for relief from the stay.

7. Assuming that this Court is incorrect in its interpretation of 11 U.S.C. § 362, its supposed error in not scheduling a timely hearing in the instant case may not be capitalized upon by Barclay to the detriment of the debtors. The bankruptcy court is possessed of both inherent powers and those conferred upon it by 11 U.S.C. § 105 which may be utilized to neutralize inequitable conduct which works a hardship upon parties to a proceeding. The automatic stay may be either extended or reimposed by injunction. *Accord, Spagnol Enterprises, Inc. v. Atlantic Financial Federal Savings Assoc.,* 33 B.R. 129, 9 Collier Bankr.Cas.2d (MB) 565 (D.C.W.D.Pa.1983); *In re Brooks,* 10 B.R. 306 (D.C.W.D.Tenn. 1981); *In re Codesco, Inc.,* 24 B.R. 746

(Bkrtcy.S.D.N.Y.1982); *In re Kleinsasser,* 12 B.R. 452 (Bkrtcy.D.S.D.1981); *In re Walker,* 3 B.R. 213 (Bkrtcy.W.D.Va.1980); *In re Feimster,* 3 B.R. 11 (Bkrtcy.N.D.Ga. 1979); *Contra, In re Wood,* 33 B.R. 320 (Bkrtcy.D.Id.1983); *In re Sandmar Corp.,* 16 B.R. 120 (Bkrtcy.D.N.M.1981) (bankruptcy court may extend stay but only if it acts before the stay expires by operation of law).

■ 8. The debtors have absolutely no duty whatsoever to insure that a hearing is held on a motion for relief from automatic stay pursuant to 11 U.S.C. § 362. Their only duty is one owed to themselves, namely to attend such hearing as is scheduled and assert such defense as they may have to the motion. Debtors have no standing regarding the Court's scheduling practices. The debtors in this case have done everything required of them by this Court attendant to the instant motion. The Court is aware of only one case which imposed such a duty on the debtors, namely *Wood, supra.* The decision was based on what this Court believes to be a mistaken conclusion that a bankruptcy court may neither extend nor reimpose the stay by injunction.

■ 9. Where, as here, upon notice by the creditor that it regards the automatic stay as having expired, debtors may properly apply to the Court for an injunction and/or a determination that the automatic stay is in effect. The Court is aware of only one case which required that the debtors seek such injunctive or declaratory relief, if at all, prior to the alleged expiration of the stay by operation of law, namely *Sandmar Corp., supra.* That decision was based on what this Court believes to be a mistaken conclusion that a bankruptcy court may extend the automatic stay but may not reimpose it.

10. Assuming that the requirement of a thirty-day hearing exists in this case, and that Barclay did not waive the thirty-day hearing requirement, this Court will not permit Barclay to invite the debtors to respond to discovery outside the thirty-day period after the motion for relief from stay was filed, and later assert on the date such

responses are due that the automatic stay has expired. The bankruptcy court is a court of equity and will not permit a party to profit by such inequitable conduct.

11. An injunction does not lie in the instant case, not because the act of Barclay in terminating the lease is a *fait accompli,* but rather because the automatic stay is still in effect, thereby rendering as a nullity the attempted termination of the lease.

12. The motion to dismiss his proceeding is therefore denied and this matter will be scheduled for a hearing upon the motion for relief from stay, at which time after a full evidentiary hearing, such relief may or may not be granted.

SO ORDERED.