In the Matter of KOZAK FARMS, INC., Bankrupt.

JOHN DEERE COMPANY, Appellant,

v.

KOZAK FARMS, INC., Appellee.

No. 84–3568–CV–S–4.

United States District Court, W.D. Missouri, S.D.

Feb. 7, 1985.

---

Stephen H. Snead, Mann, Walter, Burkart, Weathers & Walter, Springfield, Mo., for appellant.

Mark Fitzsimmons, Springfield, Mo., for appellee.

### ORDER

RUSSELL G. CLARK, Senior District Judge.

On September 27, 1983, debtor Kozak Farms, Inc. purchased a used John Deere 7700 diesel combine from a John Deere dealer and financed the purchase through John Deere Company. John Deere perfected its security interest in the combine. On February 2, 1984, Kozak filed its voluntary petition under the provisions of Chapter 11, Title 11 U.S.C. and an order for relief was entered. Upon this filing, 11 U.S.C. § 362(a), imposing an automatic stay on all collection and foreclosure proceedings, went into effect. On September 14, 1984, Deere filed, pursuant to § 362(d) of the Bankruptcy Code, a request to lift stay. On September 18, 1984, the Bankruptcy Court, without notice and a hearing entered an order continuing the stay. Thereafter, on September 27, 1984, Deere mailed for filing its notice of appeal of the order continuing stay, together with its motion for leave to appeal to the United States District Court. On October 10, 1984, the Bankruptcy Court sent notice to creditors and other parties in interest that a hearing on Deere's request to lift stay would be held November 1, 1984. A hearing was held on Deere's request to lift stay at which testimony was heard from witnesses Kermit Van Roekel on behalf of Deere and George Kozak on behalf of Kozak and documentary evidence introduced. The Bankruptcy Court announced its order from the bench denying Deere's request to lift stay and ordering Kozak to make adequate protection payments in the amount of $150.00 per month. On November 7, 1984, a formal written order denying relief from stay and directing payments was entered by the court. The parties have designated items to be included in the record of appeal and have filed statements of issue along with briefs in support of their positions. For the following reasons, the Bankruptcy Court decision continuing the stay shall be upheld.

The order entered September 18, 1984 by the Bankruptcy Court continuing the stay, stated as follows:

On the 14th day of September, 1984, plaintiff filed a motion for relief from the automatic stay under § 362(d), Title 11 U.S.C. Section 362(c) provides that the stay is terminated automatically within thirty days of the request "unless the court, after notice and a hearing, orders such stay continued in effect pending . . . a final hearing." This matter pends in

the Southern Division of the Court and cannot be heard in the required time without significant inconvenience to the parties. Notice and a hearing are therefore unnecessary at this time. Upon review of the pleadings and the file the Court finds that there is a reasonable likelihood that the party opposing relief will prevail at the final hearing. It is therefore

ORDERED that the automatic stay be continued in force pending the final hearing.

The order entered November 7, 1984 states that an evidentiary hearing was held and it was concluded that the debtor had no equity in the collateral, a John Deere Model 55 combine. On the other hand, the court held that the combine was necessary for an effective reorganization and therefore denied the motion for relief from the automatic stay. The debtor was ordered to make payments of $150.00 per month pending confirmation of the debtor's plan beginning November 15, 1984.

This Court takes judicial notice of the fact that the Bankruptcy Court hearing this matter sits in the Western Division of the Western District of Missouri. The Bankruptcy Court holds hearings in the Southern Division of the court on a limited periodic basis. In addition, this Court takes judicial notice that the Bankruptcy Court has a tremendous burden due to the increased amount of bankruptcy filings over the last few years.

The appellant contends that (1) the order entered September 18, 1984, without any notice or a hearing, extending the stay is null and void since the stay was continued without any notice or a hearing, and (2) since the September 18, 1984 order was null and void, the subsequent order entered November 7, 1984, more than 30 days after the request to lift stay was filed, is also void and without legal effect. The appellee, Kozak Farms, contends (1) that the appeal should be dismissed as moot; (2) the appellee has waived the right to object to the Bankruptcy Court's action in issuing its order continuing the stay, and (3) the Bank-

ruptcy Court's order entered September 18, 1984 continuing the automatic stay was valid.

This Court specifically notes that the appellant does not object to the findings of fact entered by the Bankruptcy Court concerning the necessity of the collateral to an effective reorganization under 11 U.S.C. This appeal does not go to the merits of that court's findings except as to whether the court's order entered September 18, 1984 is void as a matter of law.

11 U.S.C. § 362(d) states in pertinent part, that:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(e) states as follows:

(e) Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the property in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. If the hearing under this subsection is a preliminary hearing—

(1) the court shall order such stay so continued if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the final

hearing under subsection (d) of this section; and

(2) such final hearing shall be commenced within 30 days after such preliminary hearing.

The Bankruptcy Court's initial order was entered some four days after appellant filed its motion for relief from the stay. The hearing was held within 60 days of appellant's motion for relief from the stay.

■ The Court initially finds that the appeal should not be dismissed as moot. The specific appeal is from the September 18, 1984 order. Appellant filed its motion for leave to appeal and notice of appeal on October 3, 1984, prior to the notice of a hearing on appellant's motion for relief from the stay issued October 10, 1984. The issue for appeal is not whether the determination made by the Bankruptcy Court concerning the necessity of the collateral for an effective reorganization is based upon substantial evidence, but whether the automatic stay terminated as a matter of law due to the fact that the Bankruptcy Court failed to give notice and a hearing concerning the motion for relief from stay within thirty days of the motion. The notice of a hearing on the stay lift request issued October 10, 1984 was certainly not enough time for the appeal process to resolve the issue before this Court. Consequently, there appears to be a justiciable issue for appeal. In addition, the appellant contends that the action taken by the Bankruptcy Court is done on a frequent basis and given the time restriction under which the Bankruptcy Courts operate, it would be impossible for the appeal process to resolve the issue prior to a Bankruptcy Court holding a hearing, and issuing an order; therefore, the issue is capable of repetition yet would constantly evade review even though the issue is technically moot. *Jones v. Snead*, 431 F.2d 1115, 1116 (8th Cir.1970); *Tidwell v. Schweiker*, 677 F.2d 560, 565 (7th Cir.1982); *Babcock and Wilcox Company v. Marshall*, 610 F.2d 1128, 1134 (3d Cir.1979).

■ The appellant has not waived its right to appeal the order continuing stay by proceeding to trial on its request to lift stay and accepting adequate protection payments. It does not appear that the appellant took any affirmative action or was dilatory in pressing its appeal after the September 18, 1984 order was entered. The circumstances do not rise to the level of consideration as noted in prior decisions which have held that a party has waived the 30 day requirement. *Borg-Warner Acceptance Corporation v. Hall*, 685 F.2d 1306, 1308 (11th Cir.1982); *In re Small*, 38 B.R. 143, 147 (Bkrtcy.M.D.Md.1984); *In re Wilmette Partners*, 34 B.R. 958, 961 (Bkrtcy.N.D.Ill.1983); *Matter of Fairchild*, 30 B.R. 630, 632 (Bkrtcy.S.D.Ohio 1983). To hold that the appellant has waived its objection to the thirty day requirement merely because it proceeded to trial on the motion for relief from stay after the Bankruptcy Court's initial denial of such relief would place the appellant in the untenable position of jeopardizing its request for leave, as well as disrupt the Bankruptcy Court's orderly and effective resolution of issues before it. Since the appellant took specific steps to perfect its appeal before this Court concerning the Bankruptcy Court's September 18, 1984 order, the Court finds that appellant has not waived its objection to such order continuing the stay.

■ Finally, the Court finds that the Bankruptcy Court is and was empowered to grant orders continuing the stay with or without a hearing pursuant to 11 U.S.C. § 105. Section 105(a) provides that, "the bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The purposes of the automatic stay issued pursuant to 11 U.S.C. § 362(e) are to provide a debtor a breathing spell and prevent harassment and frustration of rehabilitation efforts through pursuit by creditors and to assemble all the creditors and their claims into the Bankruptcy Court for a single organized proceeding. *Mathews v. Rosene*, 739 F.2d 249, 251 (7th Cir.1984); *In re Colin*, 41 B.R. 322, 325 (Bkrtcy.S.D. N.Y.1984). As a general rule the automat-

ic stay terminates automatically if a hearing is not held within 30 days of a motion filed for relief from the stay. *In re Wilmette Partners,* 34 B.R. at 961; *Matter of Fairchild,* 30 B.R. at 632; *In re Sandmar Corp.,* 16 B.R. 120 at 122–23. After a careful review of the case law, the Court finds that a bankruptcy court may reinstate or continue an automatic stay pending a final hearing on a creditor's motion for relief from the stay pursuant to 11 U.S.C. § 105(a). *In re Small,* 38 B.R. at 147–48 (extend or reinstate the automatic stay) (citing numerous cases); *In re Wilmette Partners,* 34 B.R. at 961 (reimposing automatic stay is within the court's equitable powers); *Matter of Fairchild,* 30 B.R. at 632 (may continue or reinstate the automatic stay) (citing numerous cases); *In re Bruisch and St. Pedro Jewelers, Inc.,* 28 B.R. 545, 549 (Bkrtcy.E.D.Pa.1983) (inherent equitable power pursuant to § 105(a) to reinstate or extend automatic stay); *In re Prime, Inc.,* 26 B.R. 556, 559 (Bkrtcy.W.D. Mo.1983) (reinstate automatic stay after balancing interests of the parties with the purposes of the Code) (citing numerous cases for authority). *See also, In re Coram Graphic Arts,* 11 B.R. 641, 644 (Bkrtcy.E.D.N.Y.1981) (courts may utilize its equitable powers under § 105(a) after making a determination on a case by case basis).

▇ Most recently, the Eastern District Court of Arkansas has addressed this issue under very similar facts in *In re B.T. Wilson Drywall Construction, Inc.,* 36 B.R. 439 (Bkrtcy.E.D.Ark.1983). In that case, the creditors filed a motion to withdraw reference to the Bankruptcy Court, and filed a complaint, *inter alia,* for relief from the automatic stay. The Bankruptcy Court entered an order continuing the automatic stay pending hearing on the motion. For various reasons there was no bankruptcy judge available to conduct the hearing. The creditor filed its demand for an immediate hearing pursuant to 11 U.S.C. § 362 alleging that it was entitled to a hearing within 30 days from the date of the filing of its complaint or the automatic stay would be terminated as a matter of law.

Subsequently, the creditor requested that the prior order continuing the stay be declared void. Relative to this issue, the district court held:

[T]hat the stay enforced by [the bankruptcy court] remain effective pending a hearing. The bankruptcy judge has the power under 11 U.S.C. § 105(a) to issue an order that is necessary or appropriate to protect the debtor's property. *E.g., In Re Walker,* 3 B.R. 213, 1 CBC2d 773 (Bkrtcy.W.D.Va.1980), *see, In Re: Kleinsasser,* 12 B.R. 452 (Bkrtcy.D.S.D.1981), *In Re: Brusich and St. Pedro Jewelers, Inc.,* 28 B.R. 545 (Bkrtcy.E.D.Pa.1983).

The Court finds that the lower court's exercise of its equitable powers pursuant to § 105(a) was not an abuse of discretion and was proper. Specifically, the Bankruptcy Court held that the matter was in the Southern Division of its court and could not be heard within the required time. In addition, the court held that there was a reasonable likelihood that the party opposing the motion for relief from the automatic stay would prevail at the final hearing. The appellant does not refute this fact. The appellant does not state specific reasons why it was prejudiced by the Bankruptcy Court's order extending the stay and exercising its inherent power under § 105(a). Accordingly, the Court finds that the Bankruptcy Court's orders entered September 18, November 1, and November 7, 1984 are effective, valid and should continue to be in effect until otherwise terminated, annulled, modified or conditioned further by the Bankruptcy Court.

Accordingly, it is hereby

ORDERED that the Bankruptcy Court's orders entered September 18, November 1 and November 7, 1984 are affirmed and the appeal dismissed.