**In re MEDICAL PLAZA ASSOCIATES, LTD., Debtor.**

**MEDICAL PLAZA, LTD., Appellant,**

**v.**

**MEDICAL PLAZA ASSOCIATES, LTD., Appellee.**

**Bankruptcy No. 86–0343–1–11.**
**Adv. No. 86–1087–CV–W–1.**

United States District Court, W.D. Missouri, W.D.

Dec. 11, 1986.

Stephen B. Sutton, Kansas City, Mo., appellee.

Daniel J. Flanigan, McDowell, Rice & Smith, Kansas City, Mo., appellant.

## MEMORANDUM AND ORDER

JOHN W. OLIVER, Senior District Judge.

This case comes before this Court on appeal from the Bankruptcy Court of the Western District of Missouri. This Court's jurisdiction is based on 28 U.S.C. § 158(a). The sole legal issue brought before this Court on appeal is whether a bankruptcy court in a Chapter 11 case may, pursuant to the powers given it by the Bankruptcy Code, order a continuance of the automatic stay after the time periods for hearing and ruling specified in 11 U.S.C. § 362(e) have passed, where one form of alternative relief requested by a creditor is relief from the automatic stay.

This appeal challenges only the legal authority of the Bankruptcy Court to issue its August 28, 1986 order for preliminary injunction. None of the factual findings stated in that order are in dispute. This Court, then, must review the evidence and make an independent determination of the applicable law. *In re Cricker*, 46 B.R. 229, 230 (N.D.Ind.1985). This Court finds and concludes that the Bankruptcy Court's order of August 28, 1986 should be and is hereby affirmed.

## I.

On April 15, 1986, Medical Plaza Associates, Ltd. (debtor) filed its voluntary Chapter 11 petition in the Bankruptcy Court of the Western District of Missouri. Medical Plaza, Ltd. (appellant) is a secured creditor. On May 23, 1986, appellant filed a motion which requested four different types of relief: to dismiss, or in the alternative, for conversion to Chapter 7, or in the alternative, for relief from the automatic stay, or in the alternative, for appointment of a Chapter 11 Trustee. The alternative motion for relief from the stay was based on 11 U.S.C. § 362(d). The Bankruptcy Court found, we believe appropriately, that relief from the automatic stay was requested by the appellant as an alternative should the Bankruptcy Court deny its motion to dismiss the Chapter 11 petition. Order for Injunction, Aug. 28, 1986, ¶ 2.

On June 20, 1986, the debtor filed a memorandum in opposition to the creditor's alternative motion. Order for Injunction, ¶ 5. Since June 20, 1986, the Bankruptcy Court has been reviewing and considering the substantial factual issues presented by the parties and has been engaging in legal research in order to appropriately rule the alternative motion. Order for Injunction, ¶ 7. The Bankruptcy Court has not yet issued a ruling on the merits on the May 23, 1986 alternative motion. The Bankruptcy Court stated that it has not yet taken up appellant's request for relief from the automatic stay because that request was conditioned upon the court denying the first requested form of relief. Order for Injunction, ¶ 8.

By letter to the Bankruptcy Court dated July 31, 1986, counsel for the appellant advised the court that appellant deemed the automatic stay to have terminated. 11 U.S.C. § 362(e).[1] Appellant contended that

---

1. Section 362(e) provides: "Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party

in interest making such request unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section. A

the stay had terminated because the Bankruptcy Court had not held a hearing or entered an order continuing the stay within the time periods specified by Section 362(e).

Because it concluded that the automatic stay had terminated by operation of law, 11 U.S.C. § 362(e), appellant stated that it intended to immediately pursue a State foreclosure action against the debtor's real property. Order for Injunction, ¶¶ 9–11. On August 5, 1986, debtor filed a complaint for a preliminary injunction. Appellant filed its answer to the complaint on August 26, 1986. After appropriate notice and hearing, see Fed.R.Civ.P. 65, on August 28, 1986, the Bankruptcy Court entered an order of preliminary injunction to prohibit the foreclosure pursuant to 11 U.S.C. § 105(a).

Section 105(a) of Title 11 provides that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." The Bankruptcy Court found the following facts in support of its order for injunction:

(1) The only assets owned by the debtor may contain as much as $600,000.00 in equity. Order for Injunction, ¶ 12.

(2) There are two secured creditors and four unsecured creditors in the Chapter 11 proceeding. Id., ¶ 13.

(3) There are as many as 25 equity security holders who have invested funds in the debtor (a Missouri limited partnership). Id., ¶ 14

(4) The threatened foreclosure outside of the bankruptcy proceedings by the appellant would eliminate the equity in which the equity security holders have a legitimate interest. Id., ¶ 15.

(5) The threatened foreclosure would also eliminate the possibility of any unsecured creditors being paid because the real property which would be the subject of the threatened foreclosure is the only asset owned by the debtor and produces the only income available to the debtor. Id., ¶ 16.

The Bankruptcy Court relied on those facts to hold that it would cause irreparable harm to the debtor and the other creditors of the debtor if the appellant were to foreclose its deed of trust. The Court further held that foreclosure would inextricably interfere with the Bankruptcy Court's administration of the debtor's bankruptcy proceeding and would interfere with that court's jurisdiction, custody and possession of the subject property.

The court then balanced the interests of appellant in not foreclosing with the substantial harm to the debtor if the deed of trust were foreclosed. Because the court found that foreclosure would strip the bankruptcy estate of its only asset, thereby preventing unsecured creditors and equity security holders from recovering, it determined that the substantial harm to the debtor far outweighed the inconvenience to the creditor in not foreclosing. Order for Injunction at ¶ 22.

The court then determined, as a matter of law, that appellant's alternative, conditional request for relief from the automatic stay had not triggered the 30–day time period for the court to hold a preliminary hearing. The court found that the time period was not triggered because the court would only have to consider the alternative request for relief from the automatic stay if the court denied the first requested relief of dismissal of the petition. The section 362(e) time period, under the Bankruptcy Court's holding, would not begin to run unless and until the court denied appellant's motion to dismiss.

## II.

Appellant's reading of sections 362(e) and 105(a) would tie the hands of the

---

hearing under this subsection may be a preliminary hearing or may be consolidated with the final hearing under subsection (d) of this section. The court shall order such stay continued in effect pending the conclusion of the final hearing under subsection (d) of this section if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing. If the hearing under this subsection is a preliminary hearing, then such final hearing shall be commenced not later than thirty days after the conclusion of such preliminary hearing."

Bankruptcy Court as it tries to carry out its duties under the Bankruptcy Code. It is true that, as a general rule, the stay will terminate automatically if a hearing is not held within 30 days after a motion for relief from the automatic stay is filed. 11 U.S.C. § 362(e). *In the Matter of Kozak Farms, Inc.*, 47 B.R. 399, 402–03 (W.D.Mo. 1985).

However, most courts which have decided the propriety of a bankruptcy court's use of the power granted it in section 105(a) to extend the automatic stay beyond the 30–day limit in section 362(e) have found that exercise of power to be proper. *See, e.g., Kozak Farms, Inc., supra,* 47 B.R. at 403 (exercise of section 105(a) powers to enjoin threatened foreclosure where circumstances prevented hearing within 30 days was not an abuse of discretion); *In re Rolanco, Inc.,* 43 B.R. 150, 151–52 (Bkrtcy. E.D.Mo.1984) (Bankruptcy court may, pursuant to section 105 and its inherent equitable powers, enjoin secured creditors after expiration of the automatic stay; citing numerous cases); *In re Prime,* 26 B.R. 556, 559 (Bkrtcy.W.D.Mo.1983) (bankruptcy court may reinstitute the automatic stay where conditions are appropriate); *In re Small,* 38 B.R. 143, 147 (Bkrtcy.D.Md.1984) (automatic stay may be either extended or reimposed by injunction; citing numerous cases); *Spagnol Enterprises v. Atlantic Financial Federal Savings Assn.* 33 B.R. 129, 130 (W.D.Pa.1983) (section 362 is not "the exclusive vehicle for protecting a debtor's property in furtherance of orderly bankruptcy administration"); *In re McNeely,* 51 B.R. 816, 821 (Bkrtcy.D.Utah 1985) (citing numerous cases). *But see In re Wood,* 33 B.R. 320, 322 (Bkrtcy.D.Idaho 1983) (after section 362(e) works to end stay, the bankruptcy court cannot reinstate it). We agree that such exercise of the bankruptcy court's power pursuant to section 105(a) is proper.

■ The bankruptcy courts, as courts of equity, have broad powers which may be exercised in a manner consistent with the provisions of the bankruptcy code. *Johnson v. First National Bank of Monte-*

*video, Minn.,* 719 F.2d 270, 273 (8th Cir. 1983), *cert. denied,* 465 U.S. 1012, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984). The purpose of the section 362 automatic stay is "to provide a debtor with a breathing spell and prevent harassment and frustration of rehabilitation efforts through pursuit by creditors and to assemble all the creditors and their claims into the Bankruptcy Court for a single organized proceeding." *Kozak Farms,* 47 B.R. at 402. The Bankruptcy Court may therefore review the circumstances of the case before it and determine that the stay may be continued in order to protect the debtor's property. *Id.* at 403; *In re Prime, supra,* 26 B.R. at 559 (balance interests of parties and purposes of code).

■ In issuing its August 28, 1986 order for a preliminary injunction, the Bankruptcy Court found that the property which is the subject of appellant's threatened foreclosure proceeding is the only asset owned by the debtor. Order for Injunction, ¶ 16. The Court then balanced the interests of the parties and found that if foreclosure were allowed, it would cause irreparable harm to the debtor and the other creditors, while only inconveniencing the appellant. The Court further found that the threatened foreclosure would interfere with its jurisdiction over and administration of the debtor's bankruptcy proceeding.

■ Those findings justify the Bankruptcy Court's use of its section 105(a) power. Although section 105(a) may not be used to expand the powers of the bankruptcy court, the Court's issuance of an injunction pursuant to section 105(a) is not an abuse of discretion, where, as here, the Court balanced the interests of the parties and followed the procedures required by Fed.R. Civ.P. 65.

Because we find that the Bankruptcy Court properly exercised its power to reinstate the automatic stay pursuant to section 105, we need not decide whether appellant waived his right to a hearing within 30 days on his motion for relief from the stay because it was filed as an alternative to the motion to dismiss. *See and compare In re Small, supra,* 38 B.R. at 147. We need

only reiterate that, under the circumstances of this case, the Bankruptcy Court did not abuse its discretion in issuing the August 28, 1986 order for a preliminary injunction.

We also note that the Bankruptcy Court's finding that appellant's motion for relief from the stay was dependent upon the Court's denying appellant's motion to dismiss was correct, and that the motion for relief from the stay was buried beneath an inch and a half of documents which the Bankruptcy Court would have to review before conducting legal research and ruling on the merits of the motion to dismiss. The Bankruptcy Court's failure to conduct a section 362(e) hearing within 30 days after the alternative motion was filed, under the circumstances, was not in error.

Accordingly, it is

ORDERED that the Bankruptcy Court's August 28, 1986 order for injunction should be and is hereby affirmed.