**In re Kay Isle IVY and Mary Theresa Ivy, Debtors.**

**Bankruptcy No. 87–00833–C–12.**

United States Bankruptcy Court, W.D. Missouri, C.D.

Aug. 3, 1987.

Norman W. Lampton, Columbia, Mo., for debtors.

William A. Mallory, Columbia, Mo., for Glasgow Co-Op.

### MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

The hearing on Confirmation of the Chapter 12 proceeding came before the Court on July 23, 1987, in Jefferson City, Missouri. The plan was filed on May 21, 1987, and was heard at the earliest possible opportunity by the Court which sits in Jefferson City only two days per month. At the outset of the hearing, counsel for the debtors made two oral Motions.

The first Motion was that the Court had lost jurisdiction to conduct the Confirmation hearing since the Court had not had said hearing within the forty-five days mandated by § 1224. The Court overruled the Motion for two reasons. There is nothing in the Bankruptcy Judges, United States Trustees, And Family Farmer Bankruptcy Act of 1986 that indicates that the Bankruptcy Court loses its jurisdiction and turns into a pumpkin at the stroke of midnight on the forty-fifth day after the plan is filed. In fact, the law is totally silent as to the consequences of a failure to act within such time. It seems to the Court that it would be equally logical to say that the plan fails and the debtors are dismissed by failure to hear the confirmation issue within forty-five days of the plan being filed. However, should some creditor so move, this Court believes it would overrule that motion also. It is, therefore, the ruling of this Court that while failure to conduct the Confirmation hearing within the forty-five days is to be avoided like the plague where possible, said failure does not deprive the Court of jurisdiction to hear the issue at its earliest possible opportunity.

The Court also relies on the decision of the District Court *In re Kozak Farms, Inc.*, 47 B.R. 399 (W.D.Mo.1985) wherein it was held that failure to conduct a preliminary hearing on a Motion to Lift Stay within 30 days does not avoid the stay where the Court has scheduled a hearing and continued the stay pending that hearing even though it be more than 30 days after filing. The Court relies on both the logic and the law so cited in overruling said Motion.

The second oral motion of debtors' counsel was that the Court rule that the plan was self-confirming because of the failure of the Court to hold the hearing within forty-five days of the filing of the plan. Once again the Court overruled the Motion. The reasons therefor were basically the same as above. Neither the new law, nor anything in the statutes provides for such an alternative. Furthermore, since the inception of the various laws regulating bankruptcy, there has never been any proceeding that was confirmed by silence or lack of action. Likewise whether the party presiding over proceedings was called Referee, Bankruptcy Judge or Hey You, the confirmation of all reorganizations and the discharge of any debt came only after the presiding official found and ruled it to be proper.

Having waded through that underbrush, the Court then heard the evidence on confirmation. Basically, the plan appears feasible and with certain minor corrections which the Court outlined, i.e., additions to insure that the creditors will receive as much under the plan as they would upon liquidation, the Court believes the plan can be confirmed. The filed plan is DENIED confirmation but debtors are granted thirty (30) days to file an Amended Plan to conform to the oral suggestions as to interest rates, payment dates, and *Ahlers* type sinking fund made by the Court.